COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Alston and Senior Judge Willis

QUIJANG WANG, A/K/A
 JULIE WONG

v.     Record No. 0263-12-4

JACK RAY CRUMPACKER

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 11, 2012

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Lorraine Nordlund, Judge

(Quijang Wang, *pro se*, on brief).

No brief for appellee.[1]

Quijang Wang (wife) appeals a final decree of divorce. Wife argues that the trial court erred

by (1) denying her equal access to the court, denying her equal right to enter a "proper" final decree,

and failing to certify her written statement of facts pursuant to Rule 5A:8; (2) endorsing a final

decree that contained "irrelevant, self-contradicting and defaming allegations neither provable nor

disprovable, without cause of action and without evidence" and not complying with Code § 20-91;

(3) erroneously excluding wife's rebuttal evidence of Jack Ray Crumpacker's (husband) desertion

and "erroneously admitting husband's uncorroborated testimony without evidence"; (4) taking

judicial notice of a pending appeal of another matter and "overstepping jurisdiction to 'ratify,

affirm, and incorporate' a disputed prenuptial agreement under appeal" into the final decree; and

(5) denying wife's right to equitable jurisdiction of husband's retirement benefits pursuant to Code

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellee filed a "Motion for Summary Affirmance (or Alternative Relief)," to which appellant responded. Upon a review of the record and brief, we grant the motion for summary affirmance, but deny appellee's request for sanctions.

§ 20-107.3. Upon reviewing the record and appellant's brief, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court.[2] See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties entered into a prenuptial agreement on September 15, 2009 and married on September 22, 2009. They separated on January 13, 2010. Despite the terms of the prenuptial agreement, wife filed a petition for spousal support. The juvenile and domestic relations district court denied her petition based on the waivers in the prenuptial agreement. Wife appealed to the circuit court, but the circuit court held that the prenuptial agreement was enforceable and not unconscionable. Wife appealed the circuit court's ruling, and this Court affirmed the trial court. See Wang v. Crumpacker, Record No. 1904-11-4 (Va. Ct. App. Mar. 27, 2012).[3]

In May 2011, wife filed a complaint for divorce, to which husband responded. After the circuit court affirmed the validity of the prenuptial agreement, husband filed a counter-complaint for divorce, to which wife responded. The trial court heard evidence and argument on January 4, 2012, and entered a final decree of divorce on January 20, 2012. Wife filed a motion to reconsider, which the trial court denied.

---

[2] On October 23, 2012, this Court entered an order granting husband's motion to recall the mandate previously issued by the Court. The October 23, 2012 order further stated that the Court would consider husband's motion for summary affirmance upon receipt of the record from the trial court. On November 20, 2012, wife filed a motion to reconsider the October 23, 2012 order. Upon consideration thereof, we deny the motion to reconsider.

[3] Wife appealed this Court's ruling, and the Supreme Court of Virginia refused her petition for appeal. Wang v. Crumpacker, Record No. 120977 (Va. Sept. 25, 2012).

Wife noted her appeal *pro se*.[4] She did not file a transcript of the January 4, 2012 hearing, although a court reporter was present at the trial. She filed a written statement of facts with the trial court, and husband filed objections to the statement of facts. On April 6, 2012, the trial court denied certification of the statement of facts for several reasons, including the fact that the trial lasted one full day and the trial court could not "remember the testimony of the witnesses well enough" to certify the statement, a transcript was available, and wife's statement was "an incomplete narrative containing legal argument, facts not in evidence, and statements that constitute misrepresentations, and therefore does not reflect a true record of the case." The trial court allowed wife to file a complete transcript of the trial by April 16, 2012, but she did not do so.

ANALYSIS

Issue 1 – Equal access

Wife argues that the trial court erred by denying her equal access to the court and equal right to enter a final decree. Although wife states in her motion to reconsider that the trial court "should give equal access, equal right, and equal weight on each litigant's stand of law," she raises new arguments on appeal by arguing that the trial court treated her differently because she was *pro se*. She also asserts on appeal, for the first time, that the trial court did not follow the Canons of Judicial Conduct.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not

---

[4] A litigant appearing *pro se* "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Wife further argues that the trial court erred in failing to certify the written statement of facts. Wife did not file objections or a motion to reconsider the trial court's order refusing to certify the written statement of facts. See Rule 5A:18.

Accordingly, we will not consider the first assignment of error.

### Issue 2 – Statements within the final decree

Wife argues that the trial court erred by including "irrelevant, self-contradicting and defaming allegations" in the final decree.

There is no transcript of the hearing, and the trial court was unable to certify the written statement of facts. Without a transcript, this Court cannot evaluate the contents of the final decree, so a transcript or written statement of facts is indispensable to a determination of this issue.[5] See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

### Issue 3 – Wife's evidence of desertion

Wife argues that the trial court erred in excluding her evidence of husband's desertion and admitting his "improper" testimony.

"Generally, the admissibility of evidence 'is within the broad discretion of the trial court, and an [evidentiary] ruling will not be disturbed on appeal in the absence of an abuse of

---

[5] We note that the trial court stated in the final decree, "At trial, in resolving conflicts between the testimony of the Husband and Wife, this Court credited the testimony of Husband and did not credit the testimony of Wife . . . ." The trial court found husband's testimony to be more credible than wife's testimony. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted). Without a transcript, however, we do not know what husband told the trial court and whether wife objected to those statements or presented contrary evidence.

discretion.'" Surles v. Mayer, 48 Va. App. 146, 177, 628 S.E.2d 563, 578 (2006) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)) (brackets in original).

Wife contends the trial court erred in excluding some of her evidence, including a letter and several e-mails, as hearsay. She maintains this evidence supported her argument that husband deserted the marriage. However, without a transcript, we are unable to determine whether wife objected to the trial court's rulings and preserved the issues for appeal. See Rules 5A:8 and 5A:18. Therefore, we cannot consider this assignment of error.

### Issue 4 – Pending appeal

Wife argues that the trial court erred in taking judicial notice of a pending appeal and "overstepping [its] jurisdiction to 'ratify, affirm, and incorporate'" the prenuptial agreement into the final decree.

In 2011, wife appealed the trial court's order regarding the validity of the prenuptial agreement. While the appeal was pending, the prenuptial agreement was ratified, affirmed, and incorporated, but not merged, into the final decree. The trial court further held as follows:

> [A]s this Court's determinations regarding support and property are predicated upon the validity and enforceability of the parties' Prenuptial Agreement, and as that issue is currently before the Virginia Court of Appeals, this Court's determinations regarding support and property (only) are not final; those parts of this Order shall become final twenty-one (21) days after final disposition of Virginia Court of Appeals case 1904-11-4; during that twenty-one day period, either party may move for a modification of the support and property division terms of this Order as needed to make it consistent with the outcome of that case.

On March 27, 2012, this Court affirmed the trial court's ruling regarding the prenuptial agreement. On September 25, 2012, the Supreme Court of Virginia refused wife's petition for appeal. As a result of the appellate rulings, wife's argument that the trial court should not have ratified, affirmed, and incorporated the prenuptial agreement into the final decree is moot. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980) (holding that "mootness

has two aspects: 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'" (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969))).

<u>Issue 5 – Equitable distribution</u>

Wife argues that the trial court erred in denying her request for equitable distribution of husband's retirement pursuant to Code § 20-107.3 because the premarital agreement did not address equitable distribution.

Wife did not note this specific objection to the final decree or in her motion to reconsider. Rule 5A:18; <u>see</u> <u>Lee v. Lee</u>, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc) ("The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention."). Moreover, we cannot determine whether wife preserved this issue in her closing argument to the trial court because there is no transcript or written statement of facts. Rule 5A:8. Therefore, we will not consider the fifth assignment of error.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>