Richmond

JUNIUS ANDERSON, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0368-90-2

Decided January 14, 1992

COUNSEL

Donald M. White, on brief, for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BENTON, J.—Junius Anderson, Jr. appeals from a conviction for driving under the influence of alcohol. He argues that the conviction must be reversed because the evidence proved that he was not lawfully arrested. For the reasons that follow, we dismiss the appeal.

The arrest warrant in the record states that Anderson was arrested by State Trooper C. F. Rosemond for driving under the influence of alcohol. The order of conviction recites that Anderson was tried February 21, 1990, in the Circuit Court of Caroline County and convicted of the charged offense. The record does not contain a transcript of the circuit court proceedings.

Rule 5A:8(c) of the Rules of the Supreme Court of Virginia provides as follows:

Written Statement — In lieu of a transcript, a written statement of facts, testimony, and other incidents of the case, which may include or consist of a portion of the transcript, becomes a part of the record when:

(1) within 55 days after entry of judgment a copy of such statement is filed in the office of the clerk of the trial court. A copy must be mailed or delivered to opposing counsel accompanied by notice that such statement will be presented to the trial judge no earlier than 15 days nor later than 20 days after such filing; and

(2) the statement is signed by the trial judge and filed in the office of the clerk of the trial court. The judge may sign the statement forthwith upon its presentation to him if it is signed by counsel for all parties, but if objection is made to the accuracy or

completeness of the statement, it shall be signed in accordance with subsection (d) of this Rule.

A document styled, "Statement of Fact and Abbreviated Record" was endorsed, "We ask for this," by the Commonwealth's Attorney and Anderson's counsel. The statement does not contain a notation showing that it was filed in the office of the clerk of the trial court "within 55 days after entry of judgment" as required by Rule 5A:8(c). However, the statement contains the signature of the trial judge with the notation, "Enter: May 17, 1990," and a notation on the margin, "Received 5-21-90," accompanied by the initials "AM." Rule 5A:8(c) does not contain a specified period within which the trial judge must sign an agreed statement of fact. Rather, it recites "[t]he judge may sign the statement forthwith." *Id.* Although the Commonwealth Attorney's and Anderson's counsel agreed on a joint statement of facts and despite the absence of time limitations circumscribing the trial judge's actions, the Commonwealth argues that the appeal must be dismissed because the statement of facts is indispensable to the resolution of the appeal and the statement was not filed "within 55 days after entry of judgment . . . in the office of the clerk of the trial court." Rule 5A:8(c)(1).

"[A] written statement of facts becomes a part of the record only if all of the requirements of Rule 5A:8 are complied with by the parties and the trial judge." *Mayhood v. Mayhood*, 4 Va. App. 365, 368-69, 358 S.E.2d 182, 184 (1987). In *Turner v. Commonwealth*, 2 Va. App. 96, 341 S.E.2d 400 (1986), this Court established a firm policy concerning the filing of transcripts.

> If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules.

*Id.* at 99, 341 S.E.2d at 402. It would be anomalous, indeed, if this Court had a different policy with regard to the filing requirement for statements of fact. Fairness and common sense dictate that policies regarding transcripts and statements of facts be reasonably analogous. Transcripts and statements of facts serve the identical purpose on appeal — to provide a record of the incidents

of the trial proceeding. Accordingly, we hold that the statement of facts did not become a part of the record because the statement was not filed in the office of the clerk within fifty-five days after entry of judgment.

In so holding, we are aware that our decision may appear to be at odds with the last paragraph of Rule 5A:8(d), which states:

The judge's signature on a transcript or written statement, without more, shall constitute his certification that the procedural requirements of this Rule 5A:8 have been satisfied.

However, this paragraph is contained in the subsection of the rule which specifies the means by which objections to a transcript or written statement are to be made and resolved by the trial judge. We interpret the last paragraph of Rule 5A:8(d) to be applicable to the procedural requirements of Rule 5A:8(d). The manner in which the paragraph is placed within subsection (d) gives support to a limited reading of the paragraph. In addition, the paragraph refers to the "judge's signature on a transcript," which ordinarily is only required when an objection is made to a portion of the transcript or a correction is made. Furthermore, a literal interpretation, which would apply the last paragraph to the entirety of Rule 5A:8, rather than solely to subparagraph (d), would defeat the policy enunciated in *Turner*.

In the absence of a statement of facts, we have no basis upon which to determine whether Anderson was lawfully arrested. The determination of that issue depends upon whether the offense was committed in the presence of the arresting officer, *see Durant v. City of Suffolk*, 4 Va. App. 445, 447, 358 S.E.2d 732, 733 (1987), a factual issue. Because the statement of facts is indispensable to a determination of the question presented, we must dismiss the appeal. *See Turner*, 2 Va. App. at 100, 341 S.E.2d at 402.

■ Two additional comments are warranted concerning the need for attorneys and trial courts to follow procedures consistent with the Rules of Court. First, Anderson's counsel represented to this Court at oral argument that the customary procedure in the jurisdiction from which this appeal arose requires counsel to file the proposed statement of facts with the judge who presided at trial. Obviously, a custom or practice (or even a specific request)

that the pleading be filed with the judge who presided at trial does not obviate the need to also comply with Rule 5A:8, which mandates that the same pleading be filed in the office of the clerk of the trial court. The original document or a copy easily could have been filed in the office of the clerk of the court so as to satisfy the Rule. Records must be made and appeals must be perfected according to the Rules of Court. *Turner*, 2 Va. App. at 99, 341 S.E.2d at 402.

Second, the statement of facts bears a handwritten notation in its margin, "Received 5-21-90," and the initials "AM." Another document in the record has the notation, "Filed 3-7-90," and the initials "AM." We are left to speculate whether "AM" is an employee of the clerk's office, and, if so, in what capacity "AM" initialed the document. In *Carroll v. Commonwealth*, 10 Va. App. 686, 396 S.E.2d 137 (1990), we reversed a conviction and remanded for a new trial due to an inability to ascertain the capacity in which the purported employee of the clerk's office signed a pleading. We take this opportunity to again reiterate the necessity of proper authentication of trial court records.

This appeal is dismissed for failure to comply with the Rules.

*Dismissed.*

Koontz, C.J., and Duff, J., concurred.