COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Felton and McClanahan
Argued at Alexandria, Virginia


JAMES H. STALLINGS, JR.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1692-03-4                 JUDGE WALTER S. FELTON, JR.
                                                         JULY 13, 2004
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Kathleen H. MacKay, Judge

                Kenneth R. Weiner (Weiner, Weiner & Weiner, P.C., on brief),
                for appellant.

                Susan L. Parrish, Assistant Attorney General (Jerry W. Kilgore,
                Attorney General, on brief), for appellee.


        On May 2, 2003, the trial court found that James H. Stallings, Jr. (appellant) violated the

terms and conditions of a peace bond he entered with the Commonwealth, and ordered him to

forfeit the $1,000 bond penalty.  He appeals the final judgment of the trial court contending that the

evidence was insufficient to prove that he had violated the terms and conditions of the bond.  He

also contends that the trial court applied the wrong evidentiary standard when it found that he had

violated the terms of the peace bond by a preponderance of the evidence.  For the reasons that

follow, we dismiss this appeal and affirm the judgment of the trial court.

                                      BACKGROUND

        Appellant failed to file a transcript or any statement of facts of the proceedings before the

trial court as part of the record on appeal as required by Rule 5A:8.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Our review of the record from the trial court reflects the following procedural history. On November 12, 2001, appellant was charged with making annoying phone calls in violation of Code § 18.2-249. He was convicted by the general district court, and appealed that conviction to the circuit court. On appeal, the criminal charge was *nolle prossed* in return for appellant's agreement to enter into a peace bond with the Commonwealth with a penalty of $1,000. The peace bond, signed by appellant, required (1) appellant's "general good behavior and keeping of the peace for a period of one year, . . ." and (2) his "having no contact with Lucia Rappazio, members of her family, or Dr. Casey Jason, except in the context of or pursuant legal proceedings." Dr. Jason and Lucia Rappazio each had earlier initiated bankruptcy proceedings. At his request, appellant had become a member of the unsecured creditor's committee in Dr. Jason's bankruptcy proceeding.

In a letter to the trial court dated February 14, 2003, the Commonwealth alleged appellant had violated the terms of the peace bond agreement based on three separate incidents. On May 2, 2003, appellant appeared before the trial court pursuant to a rule to show cause why the $1,000 bond should not be forfeited for his failure to abide by its terms and conditions. After hearing evidence, the trial court dismissed the first two allegations, but determined that the Commonwealth had proved the third allegation by a preponderance of the evidence.[1] The trial

_____

[1] The allegation at issue here is as follows:

> July 1, 2002 to July 3, 2002, the defendant contacted Ms. Rita Love, the real estate agent involved in the properties. He advised her that Dr. Jason and Ms. Rapazzo's [sic] home they were renting on Old Dominion Dr. was filthy with dog feces. He also said that they had removed property belonging to the owners and were selling the property. Based upon what the defendant said, she scheduled a walk-through on July 18, 2002 to inspect the property. She found the house was in excellent condition and that every item belonging to the owners was accounted for and in place. She also attended the sale of the property at Dr. Jason's and Ms. Rapazzo's [sic] former home to make sure property was not being sold from

court ordered appellant to forfeit the $1,000 penalty secured by the bond, and ordered him to pay court costs.

Appellant filed a motion with the trial court to reconsider its judgment. In his motion he argued that the trial court failed to take judicial notice of his sworn duties as a member of the unsecured creditor's committee. He asserted that the actions as set forth in the third allegation were not outside the scope of the "legal proceedings" exception contained in the peace bond, and therefore, could not constitute a violation of the terms of the bond. In a letter denying appellant's motion to reconsider, the trial court stated that it had considered his status as a member of the creditor's committee, but that appellant "did certain things with regard to Rapazzo/Jason [sic] that went beyond his official duties, thereby violating the peace bond."

ANALYSIS

Appellant contends that the trial court erred when it found that his conduct was sufficient to prove that he violated the terms and conditions of the peace bond, arguing that the alleged conduct was not specifically prohibited under its terms. The Commonwealth correctly points out that this issue requires a review of the testimony and evidence presented to the trial court and that such a review cannot be accomplished as the record before this Court does not include a transcript or a written statement of facts from the May 2, 2003 hearing. We agree. This Court has previously ruled in this case that it "will consider only those issues which may be decided without reference to a transcript or statement of facts." Stallings v. Commonwealth, Record No. 1692-03-04, October 8, 2003. See Rule 5A:8(b).

---

the Old Dominion Dr. home. The bankruptcy trustee and Dr. Jason's attorney were also present to account for the items. The trustee spent three hours at the house and charged Dr. Jason for that time.

- 3 -

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b); see Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Here, a transcript or a written statement of facts complying with Rule 5A:8(c) is indispensable to the determination of whether the trial court erred in finding that appellant's conduct violated the terms of his peace bond. See Turner, 2 Va. App. at 99, 341 S.E.2d at 402. Accordingly, Rule 5A:8 bars our review of the trial court's decision "on the ground that the record on appeal is insufficient to fairly and accurately determine the issue[] presented." Id.

Appellant also contends that the trial court applied the incorrect evidentiary standard of "preponderance of the evidence" when it concluded that he had violated the terms and conditions of the peace bond. He argues that because an action on a peace bond "is more in the nature of a criminal, or quasi-criminal, rather than civil proceeding," a finding of violation of its terms and conditions requires proof beyond a reasonable doubt. Appellant failed, however, to present this argument to the trial court.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) *(en banc).*

In his motion to the trial court to reconsider its judgment that he violated his peace bond, appellant argued his alleged wrongful conduct fell within his duties as a member of the creditor's

committee participating in Rapazzio's and Dr. Jason's bankruptcy and that the trial court failed to take judicial notice of his duties in that regard. Appellant did not present any argument or authority to the trial court that it applied an incorrect evidentiary standard. As a result, the trial court lacked the opportunity to assess the merits of his objection, and the Commonwealth was deprived of the opportunity to address the claimed error in the trial court. Moreover, appellant failed in his brief to demonstrate good cause for his failure to raise the issue in the trial court or to request that we invoke the ends of justice exception to the rule. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

For the above reasons, we affirm the judgment of the trial court.

Affirmed.