COURT OF APPEALS OF VIRGINIA


Present:    Judge Elder, Senior Judges Annunziata and Clements


THOMAS L. SWITZER

                                        MEMORANDUM OPINION[*]
v.       Record No. 0345-08-3                        PER CURIAM
                                         FEBRUARY 24, 2009
PAULA FRIDLEY, SAMUEL SMITH AND
  JODI SMITH


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Humes J. Franklin, Jr., Judge

(Thomas L. Switzer, *pro se*, on brief).

No brief for appellees.


Thomas L. Switzer appeals an emergency protective order entered by the trial court on

January 11, 2008.

BACKGROUND

In 1996, Switzer and his former wife, Paula Switzer, had a child.  The Department of

Social Services removed the child from his parents' home at a young age due to his parents'

mental and emotional problems and acts of violence committed against each other.  In March

2000, the trial court awarded permanent custody of the child to Samuel Smith and Jodi Botkin

(now, Jodi Smith, and collectively "the Smiths").  Switzer appealed that decision, and this Court

affirmed the trial court in an unpublished decision.  Switzer v. Smith, Record No. 0779-00-3 (Va.

Ct. App. July 31, 2001).  The Virginia Supreme Court refused Switzer's appeal.  Switzer v.

Smith, Record No. 012108 (Va. Feb. 20, 2002).  The child has remained in the Smiths' custody

since 2000.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

THE EMERGENCY PROTECTIVE ORDER

On or about January 11, 2008, the child's Guardian *ad litem* (GAL) moved the trial court for an emergency protective order to prohibit the release of academic and health records to persons other than those having legal and physical custody of the child. The motion alleged that Switzer requested such records from the school system, and the school system indicated it would release that information absent intervention by the court. The GAL averred that those records would reveal to Switzer the child's school location that had theretofore been confidential, and, as a result, the child "is likely to be subject to an immediate danger to his life, safety or welfare if such records are disclosed." On January 11, 2008, the trial court entered an emergency protective order prohibiting the release of the child's academic or health records to anyone other than persons having legal and physical custody of the child.

The manuscript record contains a document indicating that a certified copy of the emergency protective order was delivered to Switzer on January 14, 2008.

On January 22, 2008, Switzer filed a three-page written communication dated January 15, 2008, stating that he "received a document today [January 15, 2008] entitled 'Emergency Protective Order.'" Switzer indicated his dissatisfaction with the order and stated, *inter alia*, he wished to file responses, he did not trust the GAL, and he has a right to receive the child's information.

On January 31, 2008, Switzer filed a "Motion to Amend" indicating that on February 14, 2008, he would appear and move to amend "orders entered in the Augusta Circuit Court on January 11, 2008 to establish venue, rules for discovery, and other relief."

On February 11, 2008, Switzer filed in the trial court a notice of appeal appealing to this Court the trial court's January 11, 2008 emergency protective order. Switzer included objections and a proposed statement of facts with the notice of appeal.

On February 14, 2008, the trial court conducted an *ore tenus* hearing. In its order entered on that same date, the trial court ruled on eight matters, none of which involved the emergency protective order.

ISSUES ON APPEAL

Switzer limits his questions on appeal to issues relating to the emergency protective order.

On December 8, 2008, four days before he filed his opening brief, Switzer filed a motion entitled:

> Motion to Limit the Appeal to the Questions Presented in Regards
> to the Judgment Entitled "Emergency Protective Order" and
> Withdrawal the Appeal as it Pertains to the Questions of Custody
> and Visitation and Remand These Questions to the Trial Court.

Because Switzer limits his arguments in his opening brief to questions relating to the emergency protective order, the December 8, 2008 motion is moot.

Switzer presents four numbered questions on appeal: (1) the trial court erred in refusing to uphold Switzer's right to obtain the child's medical and educational records; (2) the trial court abused its discretion by failing to provide service of process and opportunity to be heard "before said right was terminated"; (3) the trial court erred "by holding the 'just cause' clause in Va. Code § 20-124.6 creates an ex parte cause of action"; and (4) the trial court erred "by concluding the evidence in the record supports its conclusion that it had just cause to enter an ex parte judgment."

A transcript or written statement of facts is essential to a determination of these issues. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 391 S.E.2d 400, 402 (1986).

The record does not contain a transcript or signed written statement of facts. On February 8, 2008, Switzer submitted to the trial court a document entitled "Statement of Facts" containing the following two statements:

> There was no testimony presented or hearing held prior to the entry of this order.
>
> This was an *ex parte* judgment in which the father and mother where [sic] excluded as parties.

The trial judge scratched through the line stating "I CERTIFY THE ABOVE AS BEING TRUE AND CORRECT." The trial judge then handwrote the following: "This is not correct but a misstatement of the proceedings."

Even though Switzer was not present at the January 11, 2008 hearing, the record shows that a certified copy of the order was "mailed/hand delivered" to him on January 14, 2008. Moreover, Switzer's communication with the court, filed on January 22, 2008, was dated "01/15/08" and indicated he received a copy of the order "today." Despite timely receipt of the order and his awareness of the proceedings, Switzer took no action within the twenty-one-day jurisdictional period, see Rule 1:1, to make a record and obtain a transcript or signed written statement of facts.

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

Absent a proper record, we are unable to address the issues raised.  Therefore, we summarily affirm the trial court.  Rule 5A:27.

<u>Affirmed.</u>