COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


JULIA E. SOUTER
                                                    MEMORANDUM OPINION*
v.       Record No. 2296-09-4                           PER CURIAM
                                                        JUNE 1, 2010
COUNTY OF WARREN


FROM THE CIRCUIT COURT OF WARREN COUNTY
Dennis L. Hupp, Judge

(Julia E. Souter, *pro se*, on brief).

(Blair D. Mitchell, County Attorney; Dan N. Whitten, Assistant
County Attorney, on brief), for appellee.


Julia E. Souter, appellant, appeals a matter in which the trial court found her in civil

contempt stemming from her failure to maintain her property in compliance with local zoning

ordinances. On February 25, 2008, the trial court found appellant in civil contempt for interfering

with efforts of Warren County (the County) to clean appellant's property and bring it into

compliance with local ordinances prohibiting the accumulation of inoperable automobiles and other

materials. The court sentenced appellant to six months in jail. The sentence was suspended upon

conditions that appellant not interfere with the County's future efforts to clean the property and,

among other things, that she maintain the property in proper condition once the clean up was

completed. On November 17, 2008, the trial court found appellant in violation of her suspended

sentence for failing to maintain the property in compliance with zoning ordinances. The trial court

revoked appellant's suspended sentence and ordered her to jail, noting that if and when she or her

agent restored the property to its proper condition, she would be released. On March 13, 2009, the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

trial court found appellant had caused the clean up of her property and abated the zoning violations that resulted in the revocation of her suspended sentence. Accordingly, the trial court ruled appellant was eligible for release, and resuspended the remaining portion of her sentence.

On appeal, appellant raises four contentions: 1) the trial court erred in failing to appoint counsel to represent her at the hearing on March 13, 2009; 2) the trial court erred in returning appellant, who was not represented by counsel, to jail on March 13, 2009 for a "criminal noise" case; 3) the trial court erred in not notifying the attorney who was representing her on the criminal charge regarding the March 13, 2009 hearing; and, 4) the trial court violated her civil rights by setting a high bond regarding the "noise charge." Appellant failed to make a transcript or written statement of facts pertaining to the March 13, 2009 proceeding a part of the record pursuant to Rule 5A:8.

We have reviewed the record and the opening brief. We conclude that a transcript or written statement of facts is indispensable to a determination of the questions presented on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). Therefore, we summarily affirm the judgment of the trial court without opinion as to whether error exists in the record. See Rule 5A:27.

Affirmed.