COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Huff and Senior Judge Clements


TINA MARIE FRANKLIN

                                                    MEMORANDUM OPINION[*]
v.       Record No. 1476-11-4                            PER CURIAM
                                                    FEBRUARY 14, 2012
JAMES HOWARD FRANKLIN


              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                          Craig D. Johnston, Judge

              (Tina Marie Franklin, *pro se*, on briefs).

              (Tracy C. Hudson; Hudson Carluzzo Rochkind & Smith, P.C., on
              brief), for appellee.


       Tina Marie Franklin (wife) appeals from the circuit court's May 27, 2011 final decree of

divorce.  Wife argues that (1) the trial court failed to accurately merge the marital separation

agreement between James Howard Franklin (husband) and wife into the May 27, 2011 final

decree, (2) the trial court erred in determining child custody, visitation, and child support

because the May 27, 2011 decree changed the children's primary residence, (3) the trial court

erred in determining it was more important for the children to reside near peers than for the

children to reside outside Virginia closer to family members, (4) the trial court erred in using the

sole support guidelines and not the shared custody guidelines because the final decree presented

by husband was not consistent with the trial court's April 19, 2011 decision, (5) husband

breached the marital separation agreement by not filing a joint tax return, in claiming children as

dependents, in failing to convey certain property to her by quick [sic] claim deed, and in failing

to provide full disclosure regarding a house he acquired prior to signing the marital separation

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

agreement, (6) the trial court erred in ordering her to make retroactive support payments, and (7) the trial court erred in failing to award her attorney's fees and costs.

The record on appeal does not contain a transcript or a written statement of facts for the May 27, 2011 hearing.[1] We have reviewed the record and the briefs. We conclude that a transcript or written statement of facts is indispensable to a determination of the assignments of error presented on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). Therefore, we summarily affirm the judgment of the trial court. See Rule 5A:27.

Affirmed.

---

[1] Wife did include in her appendix a copy of an excerpt of a hearing held on April 19, 2011.