COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


CHARLIE BELLFLEUR YAMBA TAKA

MEMORANDUM OPINION*
v.      Record No. 1743-11-4                                    PER CURIAM
                                                                MAY 15, 2012
ALFRED SCOTT McLAREN, JR.


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge

(Abu Bakarr Kalokoh, on brief), for appellant.

(Peter M. Fitzner; Matthews, Snider & Fitzner, on brief), for
appellee.


Charlie Bellfleur Yamba Taka (wife) appeals from the final order of her divorce from Alfred

Scott McLaren, Jr. (husband).  Wife argues the trial court abused its discretion in granting primary

residential custody of the parties' minor child to husband without considering all the factors

required by Code § 20-124.3.  Wife also contends the trial court abused its discretion in failing to

consider all the factors required by Code § 20-107.1 in determining spousal support.[1]

Wife did not file a transcript or written statement of facts pertaining to the evidence

presented in the trial court.  See Rule 5A:8 (stating that "[t]he transcript of any proceeding is a part

of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wife acknowledges that she did not raise either issue in the trial court, but asks this
Court to invoke the ends of justice exception to Rule 5A:18 and consider the assignments of
error on appeal.  Because we summarily affirm the trial court's decision without consideration of
the assignments of error, we need not consider whether the ends of justice exception is applicable
in this instance.

the final judgment"). The appellate record contains only an excerpt of the transcript reflecting the trial court's ruling.

We conclude that a transcript or written statement of facts of the evidence is indispensable to a determination of the assignments of error raised on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). We further conclude that this defect is significant. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) ("[T]he Court of Appeals should . . . consider whether any failure to strictly adhere to the requirements of [the Rules of Court] is insignificant."). Therefore, we summarily affirm the judgment of the trial court.[2] See Rule 5A:27.

Affirmed.

---

[2] We deny husband's request for an award of attorney's fees incurred in the process of this appeal.