COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Chafin and Senior Judge Annunziata

TIMOTHY W. PATTERSON

v.     Record No. 2168-12-2

PETERSBURG DEPARTMENT OF SOCIAL SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
MAY 14, 2013

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

(Katina C. Whitfield, on brief), for appellant.

(Joan M. O'Donnell; Susan G. Andrews, Guardian *ad litem* for the
infant child; Cravens and Noll, PC, on brief), for appellee.

Timothy W. Patterson (hereinafter "father") appeals the termination of his residual parental

rights to his child, T.P. He maintains the trial court erred in finding that the Petersburg

Department of Social Services ("DSS") proved by clear and convincing evidence that

termination of his residual parental rights was in the best interests of T.P.

The record on appeal does not contain a transcript or written statement of facts, and does not

reflect that father presented the argument to the trial court that he raises on appeal. "[O]n appeal the

judgment of the lower court is presumed to be correct and the burden is on the appellant to present

to us a sufficient record from which we can determine whether the lower court has erred in the

respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "The

burden is upon the appellant to provide us with a record which substantiates the claim of error. In

the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12

Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991). Rule 5A:8(b)(4)(ii) provides: "When the appellant

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."

Upon reviewing the record and the opening brief, we conclude that a transcript or written statement of facts is indispensable to a determination of the assignment of error raised on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Accordingly, we summarily affirm the judgment of the trial court. See Rule 5A:27.

Affirmed.