COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Kelsey, Beales and Senior Judge Clements


SHANNON RENEE WANDELL, F/K/A
  SHANNON RENEE BLANKENSHIP

                                                          MEMORANDUM OPINION[*]
v.      Record No. 2225-12-2                                     PER CURIAM
                                                               JUNE 11, 2013
DAVID JUSTIN CONNELLY


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              Catherine C. Hammond, Judge

              (Julie A. Currin, on briefs), for appellant.

              (Anthony Paone, II; Innsbrook Law Group, PC, on brief), for
              appellee.

              (Krista Mathis Samuels; Samuels Law Firm, on brief), Guardian
              *ad litem* for the infant child.


        Shannon Renee Wandell (mother) appeals the November 6, 2012 order changing child

custody and visitation of the minor child.  Mother argues that the trial court erred when it (1) entered

an *ex parte* order changing custody and visitation, (2) refused to admit into evidence a DVD

because it contained relevant information on the issue of custody, (3) declined to consider certain

medical records of David Justin Connelly (father), (4) refused to admit into evidence police reports

demonstrating domestic disturbances at father's residence, (5) failed to consider father's criminal

history, and (6) and failed to fully consider the relevant factors of Code § 20-124.3.  Mother also

argues the guardian *ad litem* failed to meet applicable standards by not promptly and thoroughly

investigating child's time with father (Assignment of Error 7).  Upon reviewing the record and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Father and mother each filed motions to amend the custody and visitation of the child. On May 15, 2012, the juvenile and domestic relations district court denied the motions and father appealed to the circuit court. On September 14, 2012, the circuit court entered a *pendente lite* order *ex parte* ordering mother to return the child to father, granting father a protective order prohibiting mother with having contact with the child, and setting the matter for a full hearing on October 15, 2012. At a hearing on October 1, 2012, the circuit court found that mother violated the September 14, 2012 order by not returning the child to father. At the hearing on October 15, 2012, the circuit court granted primary physical custody of the child to father, with certain visitation for mother. On November 5, 2012, the circuit court held a hearing on father's motion to amend custody. The circuit court found that there had been a material change in circumstances since the prior custody order and it was in the best interests of the child to change the custody and visitation. The circuit court granted father sole legal custody and primary physical custody, with certain visitation for mother.

ASSIGNMENTS OF ERROR NUMBERED ONE, TWO, THREE, FOUR, FIVE, AND SEVEN

Assignments of error numbered one, two, three, four, five, and seven relate to the hearing held on October 1, 2012.[1]

---

[1] In response to an April 5, 2013 letter from this Court, mother filed a replacement appendix, but the appendix did not include the initial pleading, the final order, and the transcript or statement of facts for the hearings as required by Rule 5A:25. Mother's replacement appendix merely referenced pages in the circuit court's record. Included in the record are the transcript from the October 1, 2012 hearing and a partial transcript from the October 15, 2012 hearing. Assignment of error number seven may also relate to the October 15, 2012 and the November 5, 2012 hearings.

On April 22, 2013, father filed a motion to dismiss or deny the appeal because mother failed to file an appendix as required by the Rule 5A:25, she failed to file an appropriate notice of the filing of the transcript as required by Rule 5A:8(b), and the replacement appendix violated the terms of this Court's April 5, 2013 letter. Based upon a review of the circumstances, father's motion to dismiss or deny mother's appeal is denied.

"Rule 5A:20(e) requires an appellant's opening brief contain the argument and the principles of law and authorities related to each assignment of error. Mother's brief in support of appeal falls short of the threshold showing of advocacy necessary to warrant serious appellate review because she failed to cite any authority or develop the argument related to these assignments of error.[2] We cannot decide a case based solely on "conclusory assertions," Boyd v. County of Henrico, 42 Va. App. 495, 506 n.6, 592 S.E.2d 768, 773 n.6 (2004) (*en banc*), or "undeveloped arguments," Sfreddo v. Sfreddo, 59 Va. App. 471, 494, 720 S.E.2d 145, 157 (2012). When the advocacy deficit crosses the line from insignificant to "significant," as it clearly has here, we decline the opportunity to bolster appellant's inadequate presentation and, instead, treat the underlying issues as waived. Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (citing Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).

### ASSIGNMENT OF ERROR NUMBER SIX

Assignment of error number six relates to the November 5, 2012 hearing. Appellant failed to file a transcript or a statement of facts for this hearing. We have reviewed the record and the opening brief. We conclude that a transcript or written statement of facts is indispensable to a determination of this assignment of error on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

### ATTORNEY'S FEES ON APPEAL

Father seeks an award of his appellate attorney's fees and costs. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration of the record before us, we remand to the trial court with direction to make father a reasonable award of attorney's fees and costs incurred by him in this appeal.

---

[2] Mother's replacement brief cited only authorities related to the standard of appeal.

## CONCLUSION

For the foregoing reasons, the circuit's court's decision is summarily affirmed, and we remand this case to the trial court for determination and award to father of appropriate appellate attorney's fees and costs.

Affirmed and remanded.