UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Senior Judge Haley

ROSEANNE SPRUILL

                                                    MEMORANDUM OPINION[*]
v.      Record No. 1113-13-1                        PER CURIAM
                                                    NOVEMBER 5, 2013
CITY OF PORTSMOUTH DEPARTMENT
 OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Kenneth R. Melvin, Judge

(T. George Underwood, on brief), for appellant.

(George M. Willson, City Attorney; Shelia C. Riddick, Assistant
City Attorney; Holly S. Lane, Guardian *ad litem* for the infant child,
on brief), for appellee.


        Roseanne Spruill appeals the entry of a child protective order and argues the trial court erred

in entering the order because the evidence was insufficient to show that the child was either abused

or neglected or at risk of abuse or neglect pursuant to Code § 16.1-278.2.  Upon reviewing the

record and briefs of the parties, we conclude this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

        Rule 5A:8(c)(1) provides that a written statement of facts in lieu of a transcript becomes part

of the record when "within 55 days after entry of judgment a copy of such statement is filed in the

office of the clerk of the trial court."

        In this case, the trial court entered the protective order on May 21, 2013 and Spruill

submitted the statement of facts to the trial court on July 22, 2013, which was more than fifty-five

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

days after the entry of the protective order. Spruill failed to timely file the written statement of facts.

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii).

We have reviewed the record and the briefs. We conclude that a transcript or written statement of facts is indispensable to a determination of Spruill's assignment of error. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Accordingly, we summarily affirm the trial court's decision.

Affirmed.