COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey,<sup>*</sup> Beales and Senior Judge Clements

ALICIA LEA THOMAS AND
  COREY BRYCE HUNDLEY

                                                           MEMORANDUM OPINION<sup>**</sup>
v.       Record No. 1525-14-4                                    PER CURIAM
                                                              MARCH 3, 2015
DEVIN LEN SHROUT


          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                          Richard B. Potter, Judge

          (Stephanie M. Sauer; Livesay & Myers, P.C., on brief), for
          appellants.  Appellants submitting on brief.

          (Malik N. Drake, on brief), for appellee.  Appellee submitting on
          brief.


        Alicia Lea Thomas (mother) and Corey Bryce Hundley (stepfather) appeal an order granting

Devin Len Shrout's (father) motion to strike and dismissing mother and stepfather's petition for

stepfather's adoption of Devin Jon Shrout (the child).  The record on appeal does not contain a

timely filed transcript.[1]  See Rule 5A:8(a).  Mother and stepfather present the following

assignments of error on appeal:  (1) the trial court erred by granting father's motion to strike at the

conclusion of their case, finding that they had not proven a cause of action against father, and failing

to accept as true all evidence favorable to them when considering the motion to strike; and (2) the

---

        <sup>*</sup> Justice Kelsey participated in the decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia

        <sup>**</sup> Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The trial court entered the final order on July 18, 2014.  The transcript of the June 4, 2014 hearing was due by September 16, 2014, but it was not filed until October 6, 2014. Therefore, the transcript was filed late and is not part of the record on appeal.  See Rule 5A:8(a).

trial court erred by relying on mother's petitions for custody and child support and subsequent nonsuit to support the position that mother and stepfather thwarted father's ability to see the child.

We have reviewed the record and the opening brief. We conclude that a transcript or written statement of facts is indispensable to a determination of the assignments of error raised on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). Accordingly, we must affirm the trial court's ruling.

Affirmed.