COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Senior Judge Annunziata

KRISTEN LINDSAY PRUITT

v.      Record No. 1859-19-3

KAYLA NICOLE WILLIAMS

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 9, 2020

FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Michael L. Moore, Judge

(Kimberly C. Haugh, on brief), for appellant. Appellant submitting
on brief.

(Linda Tiller; Traci Stanley, Guardian *ad litem* for the minor
children; Tiller and Tiller, P.C., on brief), for appellee. Appellee
and Guardian *ad litem* submitting on brief.

Appellant, Kristen Lindsay Pruitt, appeals a final order of adoption. Appellant argues

that the circuit court erred by granting the petition for adoption and finding that she had withheld

her consent to the adoption contrary to the children's best interests. Appellant further asserts that

the circuit court erred in finding that she had "abandoned the children during any time during

their lives." Upon reviewing the record and briefs of the parties, we conclude that the circuit

court did not err. Accordingly, we affirm the decision of the circuit court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

BACKGROUND[1]

"Because the circuit court heard evidence *ore tenus*, its factual findings are 'entitled to the same weight accorded a jury verdict[] and . . . will not be disturbed on appeal unless plainly wrong or without evidence to support' them." Geouge v. Traylor, 68 Va. App. 343, 347 (2017) (quoting Bristol Dep't of Soc. Servs. v. Welch, 64 Va. App. 34, 44 (2014)). We recite the evidence in the light most favorable to appellee, Kayla Nicole Williams, as she prevailed in the circuit court. Id.

Appellant is the biological mother to the two children who are the subject of this appeal. Appellee is the children's stepmother and is married to the children's biological father, Frank Andrew Williams (father). On April 2, 2019, appellee filed a petition for adoption under Code § 63.2-1205[2] and alleged that appellant was withholding her consent to the adoption contrary to the children's best interests.[3] After being served with the petition, appellant notified the circuit court that she contested the adoption.

The parties appeared before the circuit court on August 9, 2019. After hearing the parties' evidence and arguments, the circuit court reviewed the standards delineated in Code § 63.2-1205 and found that appellant had withheld her consent to the adoption contrary to the

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] Appellee also requested that the adoption be granted under Code § 63.2-1202(H) because appellant had not had contact with the children for more than six months before the filing of the petition for appeal. The circuit court rejected this request.

[3] Father joined in appellee's petition for adoption and consented to her adopting the children.

children's best interests.  The circuit court granted appellee's petition for adoption and entered

the final order of adoption on October 17, 2019.  Appellant timely noted her appeal.

ANALYSIS

Appellant argues that the circuit court erred by granting appellee's petition for adoption and

finding that the evidence was sufficient to prove that she withheld her consent to the adoption

contrary to the children's best interests.

*Adequacy of the record*

Appellant filed a written statement of facts in lieu of transcript; however, the filing was

untimely.[4]  See Rule 5A:8(c).  Although the trial judge signed the written statement of facts in

lieu of transcript, it did not become part of the record on appeal because appellant failed to

comply with the filing requirements of Rule 5A:8(c).  Anderson v. Commonwealth, 13 Va. App.

506, 508-09 (1992).  "[A] written statement of facts becomes a part of the record *only* if all of the

requirements of Rule 5A:8 are complied with by the parties and the trial judge."  Id. at 508

(emphasis added) (quoting Mayhood v. Mayhood, 4 Va. App. 365, 368-69 (1987)).  We have

examined the record and find that a timely-filed transcript or written statement of facts in lieu of

transcript is indispensable for resolving appellant's third assignment of error, regarding the

circuit court's finding that she had abandoned her children.  Consequently, we do not address

that assignment of error.  We find, however, that the record is adequate to address appellant's

two remaining assignments of error.  See Bay v. Commonwealth, 60 Va. App. 520, 528-29

(2012); Anderson, 13 Va. App. at 508-09.

---

[4] The circuit court entered the final order on October 17, 2019.  Under Rule 5A:8(c), a written statement of facts in lieu of transcript was due in the trial court within fifty-five days of entry of the final order, which in this case was Wednesday, December 11, 2019.  Appellant, however, filed the statement of facts in lieu of transcript one day late, on December 12, 2019.

*Merits of appellant's remaining challenges to the circuit court's order*

"'[T]he interest of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty interests recognized by' the United States Supreme Court." Geouge, 68 Va. App. at 368 (quoting Troxel v. Granville, 530 U.S. 57, 65 (2000) (plurality opinion)). "We have consistently held that to grant a petition for adoption over a birth parent's objection, there must be more than a mere finding that the adoption would promote the child's best interests." Copeland v. Todd, 282 Va. 183, 197 (2011) (citing Malpass v. Morgan, 213 Va. 393, 398-99 (1972)). "Virginia's statutory scheme for adoption, including Code §§ 63.2-1205 and -1208, defines the best interests of the child in terms that require more expansive analysis than when the contest is between two biological parents." Id. at 199.

Code § 63.2-1205 states, in relevant part, as follows:

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, . . . the circuit court . . . shall consider whether granting the petition pending before it would be in the best interest of the child. The circuit court . . . shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

The record demonstrates that the circuit court considered the evidence presented and the factors delineated in Code § 63.2-1205. The circuit court found that appellant had done "very little over the course of six years to maintain custody of the children" and went months without contact. In 2013, father was awarded custody of the children. In May 2017, appellant was allowed to visit with the children for three weekends per month; she was also ordered to attend counseling, but she

did not do so. On September 15, 2017, appellant was scheduled to pick up the children from school, but she did not appear. Appellant had not seen or had contact with the children since that time. On November 3, 2017, the Russell County Juvenile and Domestic Relations District Court entered a final custody order that prohibited appellant from having any contact with the children; appellant was not present at the hearing. Father later learned that appellant had been incarcerated in Chicago, Illinois.

The circuit court found that appellant was unable to assume custody of the children. She had been hospitalized twice for mental health concerns in the previous six years; she had attempted suicide and threatened to drive a car off a cliff. Appellant also had been incarcerated "several times" and was on probation at the time of the circuit court hearing. She had two other children; but only had custody of one of those children. Appellant was living with her husband in her ex-boyfriend's home.

The circuit court found that there was no evidence that father or appellee had thwarted appellant's parental rights. The circuit court also found that appellant had "poor decision-making abilities which led to the no contact order on November 3, 2017." At the time of the circuit court hearing, the children were ten years old and six years old, and father had had custody of them for the preceding six years. Appellee had been an active part of the children's lives for three years and had been married to father for one year. She was a stay-at-home mother and was "a major part of the children's lives." The circuit court found that the children lived in a stable environment and were "doing great." The circuit court further found that a "change of physical custody or any further contact with [appellant] would be devastating for the children."

Considering the record before us, the circuit court did not err in finding that the adoption of the children by appellee was in the children's best interests and that appellant withheld her consent to the adoption contrary to the children's best interests. "When, as here, the circuit court reviewed

the statutory factors, based its findings on evidence presented, and did not commit legal error, there is no basis for this Court to reverse its decision." Geouge, 68 Va. App. at 372.

## CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.