COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Fulton and Ortiz

UNPUBLISHED

BRANDON TYLER WEBB

v.      Record No. 1107-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 27, 2022

FROM THE CIRCUIT COURT OF LEE COUNTY
Tammy S. McElyea, Judge

(Don M. Williams Jr.; Williams Law Office PLC, on brief), for
appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee.

Following trial, a jury convicted Brandon Tyler Webb of one count of malicious wounding

and one count of abduction.  The Circuit Court of Lee County sentenced Webb to a total of

twenty-nine years' imprisonment, with eight years suspended.  On appeal, Webb argues that the

trial court erred in denying his motion to strike the abduction count because it was incidental to the

malicious wounding count and therefore not a distinct crime.  Webb also contends that the trial

court erred in denying his motion to strike the malicious wounding count because the

Commonwealth failed to offer sufficient evidence that he acted with malice or intended to maim,

disfigure, disable, or kill the victim.  After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).  Because Webb did not comply with Rule 5A:8 and a

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

transcript or written statement of facts is indispensable to resolving his appeal, we affirm the trial court's decision.

## BACKGROUND

On December 2, 2019, a grand jury indicted Webb on one count of malicious wounding and one count of abduction. After Webb's trial, the jury convicted Webb of both counts and the trial court sentenced him to a total of twenty-nine years' imprisonment, with eight years suspended. The trial court entered its final order on September 15, 2021. Webb timely noted his appeal but did not file the trial transcripts until January 18, 2022.

## ANALYSIS

Webb challenges the trial court's denial of his motions to strike both counts of the indictment. Rule 5A:8 requires a party to file a timely transcript or written statement of facts in lieu of a transcript. *See* Rule 5A:8(a) and (c) (stating that a transcript or written statement of facts is only part of the record when it is *timely* filed). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29.

The trial court entered the final order on September 15, 2021, requiring Webb to file the trial transcript by November 14, 2021. *See* Rule 5A:8(a) (stating that, absent an extension, a transcript must be filed "no later than 60 days after entry of the final judgment"). Webb did not file the

transcripts until January 18, 2022. As such, Webb did not timely file the transcripts from the trial court proceedings or a written statement of facts in lieu of a transcript. *See* Rule 5A:8(a) and (c).

Since the record does not include a timely filed transcript or a written statement of facts in lieu of a transcript, we must consider whether one is indispensable to a determination of the assignments of error raised on appeal. *See Bay*, 60 Va. App. at 528-29; *Anderson v. Commonwealth*, 13 Va. App. 506, 508 (1992). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529. Because Webb challenges the trial court's denial of his motions to strike during the trial, we conclude that a transcript or written statement of facts in lieu of a transcript of the trial proceedings resulting in his convictions are indispensable to resolving the assignments of error raised on appeal. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). As Webb failed to provide a timely filed transcript or a written statement of facts in lieu of a transcript, necessary to resolve his assignments of error, we will not consider them. Rule 5A:8(b)(4)(ii).

## CONCLUSION

For these reasons, the trial court's decision is affirmed.

*Affirmed*.