COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Senior Judge Clements

UNPUBLISHED

SMOKE USA, INC., NADIA FAHIM,
 ANWAR FAHIM, AND HASEEB FAHIM

                                                    MEMORANDUM OPINION*
v.        Record No. 1695-22-4                             PER CURIAM
                                                           MAY 16, 2023

NOUR ASSOCIATES, L.L.C. AND
 MIRWEIS TARZI

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
James A. Willett, Judge

(William D. Wides; Compton & Duling, L.C., on briefs), for
appellants.

(Wali Raheen; Stephen D. Klein; Raheen Law Group, PC, on brief),
for appellees.

Following a jury trial, Smoke USA, Inc., Nadia Fahim, Anwar Fahim, and Haseeb Fahim

(collectively "Smoke USA") appeal the judgment in favor of Nour Associates, L.L.C. and Mirweis

Tarzi (collectively "Nour") on Nour's claims for tortious interference with a business relationship

and civil conspiracy. On appeal, Smoke USA argues that the circuit court erred by denying its

motions to strike the evidence and partially denying its motion for judgment notwithstanding the

verdict. After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). For the following reasons, we affirm the judgment of the circuit court.

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

On March 13, 2020, Nour filed a complaint in the circuit court against Smoke USA for tortious interference with a business relationship and civil conspiracy. According to the complaint, Nour owned a 2,800-square-foot building located in Prince William County, which was divided into two individual units with separate addresses (the "building"). Smoke USA leased one of the building's units, and a separate tenant occupied the remaining unit until February 2017 (the "vacant unit"). Nour alleged that Smoke USA "false[ly] and fraudulent[ly]" represented to Prince William County that it leased the entirety of the building and that the County issued Smoke USA a certificate of occupancy for 2,800 square feet. According to the complaint, Nour leased the vacant unit to a new tenant on November 10, 2017, which later terminated its lease after Prince William County rejected the tenant's layout plans for the unit due to Smoke USA's "fraudulent misrepresentations."

The case proceeded to a three-day jury trial beginning on June 22, 2022. The record does not include timely filed transcripts or a written statement of facts in lieu of transcripts from the trial. At the conclusion of trial, the jury returned a verdict in favor of Nour on both of its claims. With respect to its claim for tortious interference, the jury awarded Nour $240,729.39 plus interest in compensatory damages. With respect to its claim for civil conspiracy, the jury awarded Nour $125,000 plus interest in compensatory damages and $175,000 in treble damages.

On July 14, 2022, Smoke USA filed a motion for judgment notwithstanding the verdict arguing that the jury's award of treble damages should be set aside because Nour did not request them in its complaint and that the jury's award of compensatory damages should be set aside as "plainly wrong" because "it was dependent upon speculation by the jury." After two hearings, the circuit court granted Smoke USA's motion with respect to the jury's award of treble damages and

denied its motion with respect to the jury's award of compensatory damages.[1]  The circuit court

accordingly entered its final order on September 30, 2022.  Smoke USA appeals.

ANALYSIS

On appeal, Smoke USA argues that the circuit court erred by denying its motions to strike

and by partially denying its motion for judgment notwithstanding the verdict.  Specifically, Smoke

USA contends that the "record contains absolutely no evidence which indicates that [Smoke USA]

caused Prince William County to deny issuing permits to [Nour] and no reasonable jury could infer

causation based on the facts presented at trial."  In support of its evidentiary arguments, Smoke

USA relies heavily on transcripts from the trial that were not timely filed in the circuit court.

"On appeal, we presume the judgment of the trial court is correct . . . ."  *Bay v.

Commonwealth*, 60 Va. App. 520, 528 (2012).  "The burden is upon the appellant to provide [the

appellate court] with a record which substantiates the claim of error.  In the absence [of a

sufficient record], we will not consider the point."  *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020)

(alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).  "The

transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the

trial court no later than 60 days after entry of the final judgment."  Rule 5A:8(a).  "When the

appellant fails to ensure that the record contains transcripts or a written statement of facts

necessary to permit resolution of appellate issues, any assignments of error affected by such

omission will not be considered."  Rule 5A:8(b)(4)(ii).  Indeed, if "the transcript [or statement of

facts] is indispensable to the determination of the case, then the requirements for making the

transcript [or statement of facts] a part of the record on appeal must be strictly adhered to."  *Bay*,

---

[1] The record includes timely filed transcripts from the hearings on Smoke USA's motion for judgment notwithstanding the verdict.

60 Va. App. at 528 (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

In this case, the circuit court entered its final order on September 30, 2022. Smoke USA filed transcripts from the three-day jury trial on December 8, 2022. As the transcripts were filed 69 days after the circuit court's final order, the trial transcripts are not a part of the record. Rule 5A:8(a). We conclude that the trial transcripts, or a written statement of facts in lieu of such transcripts, are indispensable to a determination of Smoke USA's assignments of error. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner*, 2 Va. App. at 99-100. Accordingly, these arguments are waived. Rule 5A:8(b)(4)(ii).

As a final matter, Nour requests an award of appellate attorney fees and costs. "Such awards are governed by Rule 5A:30." *Sobol v. Sobol*, 74 Va. App. 252, 290 (2022). "In determining whether to make such an award, this Court will not be limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but may consider all the equities of the case." Rule 5A:30(b)(3). "Thus, unlike our review of attorney fee awards made by trial courts, the question of attorney fees on appeal is committed to our discretion based upon our consideration of all of the pertinent facts and circumstances." *Sobol*, 74 Va. App. at 290. Considering the circumstances of this case, we deny Nour's request for appellate attorney fees and costs.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*