COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, White and Retired Judge Frank*

RANEY IBRAHIM ELBARBARY

                                                    MEMORANDUM OPINION**
v.          Record No. 1623-22-4                    PER CURIAM
                                                    OCTOBER 3, 2023
TAMARA LEE BOND


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Tania M. L. Saylor, Judge

(Daniel A. Harvill; Daniel A. Harvill, PLLC, on briefs), for
appellant.

(Jenna M. Hayba; Curran Moher Weis, P.C., on brief), for appellee.


Raney Ibrahim Elbarbary appeals a final order of the circuit court that denied Tamara Lee

Bond's request for attorney fees and remanded the case to the Juvenile and Domestic Relations

District Court of Fairfax County (the JDR court). Elbarbary challenges the circuit court's decision

granting Bond's motion to strike at the close of his evidence. He argues that because Bond

introduced exhibits during his case-in-chief, the circuit court could not grant her motion to strike

until after Bond put on all her evidence. Elbarbary also contends that the circuit court erred by

not obtaining from the JDR court a complete case file, including an order that he argues was

missing from the record transmitted to the circuit court. The record on appeal is insufficient for

this Court to reach the issues Elbarbary raises; therefore, we affirm the circuit court's judgment.

_____

        * Retired Judge Frank took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

        ** This opinion is not designated for publication. *See* Code § 17.1-413(A).

After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[1]

The JDR court found Bond not guilty of contempt of court in a rule to show cause proceeding on February 25, 2022. Raney Ibrahim Elbarbary, appellant, timely noted an appeal to the Circuit Court of Fairfax County. At a trial de novo on the rule to show cause, the circuit court granted Bond's motion to strike the evidence and dismissed the case by order of August 31, 2022. The circuit court then denied Bond's request for attorney fees by order of September 20, 2022, and remanded the case to the JDR court. Elbarbary appeals.

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the trial court has erred" as Elbarbary alleges. *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012); *see also Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 285 n.2 (2022) (same). Without a sufficient record, "we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

To be part of the record on appeal, a transcript or written statement of facts in lieu of a transcript must be filed in the office of the clerk of the circuit court no later than 60 days after entry of the final judgment. Rule 5A:8(a), (c)(1). By order of December 29, 2022, this Court extended this filing deadline until January 18, 2023, but Elbarbary did not file a transcript or written statement of facts in lieu of a transcript.

---

[1] The record in this case was sealed. "[T]his appeal requires unsealing certain portions to resolve the issues raised by the parties. To the extent that certain facts mentioned in this opinion are found in the sealed portions of the record, we unseal only those portions." *Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 283 n.1 (2022).

Elbarbary relies on the evidence presented at the trial to support his argument that the circuit court erred by granting Bond's motion to strike. Additionally, he relies on the proceedings at trial to support his argument that the circuit court erred by not obtaining a complete case file. Without a transcript, or a written statement of facts in lieu of a transcript, we cannot ascertain whether the circuit court erred in the ways that Elbarbary alleges. Moreover, with no record of the arguments Elbarbary made or the positions he took (or possibly abandoned) at the circuit court hearing, we cannot know whether he presented the specific arguments to the circuit court which he advances on appeal. *See* Rule 5A:18 (requiring that an appellate court consider only arguments that were timely raised in the trial court). We also have no way to evaluate whether his appellate argument repudiates a position that he may have taken in the circuit court. *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during successive stages of litigation).

We conclude that a transcript, or a written statement of facts in lieu of a transcript, from the circuit court hearing is indispensable to deciding Elbarbary's assignments of error. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 509 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). Elbarbary did not make a transcript or a written statement of facts part of the record in this case. Accordingly, his arguments are waived. Rule 5A:8(b)(4)(ii).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*