COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Senior Judge Cole
Argued at Richmond, Virginia


DAYOMIC JACKIE SMITH

v.   Record No. 0220-99-2

COMMONWEALTH OF VIRGINIA                        OPINION BY
                                            JUDGE LARRY G. ELDER
DAYOMIC JACKIE SMITH                           JULY 11, 2000

v.   Record No. 1341-99-2

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

        Amy M. Curtis (John A. Rockecharlie; Bowen,
        Bryant, Champlin & Carr, on brief), for
        appellant.

        Robert H. Anderson, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    Dayomic Jackie Smith (appellant) appeals from his jury

trial convictions for two counts of attempted rape and one count

each of rape and object sexual penetration.  On appeal, he

contends the trial court erroneously (1) overruled his objection

to the Commonwealth's repeated references to facts not in

evidence and in refusing his request for a curative instruction

regarding same; (2) concluded the evidence was sufficient to

support his convictions; and (3) denied his motion for a new

trial based on after-discovered evidence.  The Commonwealth

contends that appellant's new trial motion was jurisdictionally barred because it was filed more than twenty-one days after entry of the final sentencing order and that the record is otherwise inadequate to permit appellate review because appellant failed timely to file the transcripts of the proceedings in the trial court. We dismiss the appeal on issues (1) and (2) because we hold the transcripts were not timely filed and were indispensable to the appeal. We also dismiss the appeal of issue (3), based on the denial of appellant's new trial motion, because the motion was untimely and the trial court lacked jurisdiction to consider it. Therefore, we dismiss the appeals in their entirety, allowing the convictions to stand.

I.

PROCEDURAL HISTORY

Appellant was convicted of two counts of attempted rape and one count each of rape and object sexual penetration in a jury trial on July 9, 1998. On January 25, 1999, the trial court sentenced appellant to serve a total of sixteen years on all four counts. On January 26, 1999, appellant represented that "final judgment was entered on January 25, 1999," and he filed his notice of appeal of that judgment to the Court of Appeals. At that time, appellant's sentence had been orally pronounced, but no final order had been entered.

-

On February 16, 1999, appellant moved the trial court to modify his sentence and requested a hearing. The court set the motion for hearing on April 29, 1999. On February 24, 1999, the trial court granted appellant's "motion to suspend execution of sentence."

The record reflects no further proceedings or filings until March 15, 1999. On that date, the trial court entered a "Sentencing Order" based on a "Hearing Date" of January 25, 1999, and sentenced appellant to serve a total of sixteen years in accordance with the jury's verdict of July 9, 1998. Although the order reflected a hearing date of January 25, 1999, the order was dated March 15, 1999, and did not expressly purport to be entered nunc pro tunc. The March 15 order made no mention of appellant's pending motion to modify the sentence pronounced at the hearing of January 25, 1999. The order contained no endorsements, no indication that it was seen by counsel for either party and no direction to the clerk to mail a copy to either party. Also on March 15, the court entered orders setting appellant's appeal bond and denying motions for a lie detector test and the preparation of the trial transcripts. The trial court entered no other orders in the twenty-one days after March 15, 1999, and never entered any order purporting to vacate, modify or suspend execution of the sentence imposed March 15, 1999.

-

On March 31, 1999, appellant moved the court to allow him to substitute counsel, representing that he had retained counsel to represent him. Retained counsel subsequently filed a motion for a new trial, alleging that one of the victims recanted her testimony after trial. The April 29, 1999 hearing date for the motion to modify was continued to June 7, 1999. On that date, the trial court heard and denied appellant's motion for a new trial. At the conclusion of that hearing, counsel for appellant indicated that he wished to withdraw the motion for modification of sentence previously filed by appellant's court-appointed counsel. In withdrawing that motion, retained counsel indicated his belief that the trial court had "entered the final order . . . imposing sentence" in "January of . . . '99" and had subsequently entered an order "suspend[ing] the proceeding" based on appellant's motion for modification. Appellant noted his intent to appeal and asked the trial court to rescind the order of suspension to permit him to do so and to start "the clock . . . tick[ing] again on the appeal."

On June 14, 1999, appellant's retained counsel filed appellant's second notice of appeal and indicated therein a desire to appeal the denial of the new trial motion, as well.

Subsequently, on July 9, 1999, the trial court entered an order reflecting its June 7, 1999 denial of the motion for a new trial and appellant's request to withdraw his motion to modify the sentence. The order indicated a hearing date of June 7,

-

1999, but again did not indicate an intent to enter the order nunc pro tunc to that date. The order did not repeat the sentence previously pronounced and did not expressly reinstate any prior orders or rulings. The trial court entered an "Amended" order on July 14, 1999. Except for the "Amended" notation, the order appears identical to the one entered July 7, 1999.

Appellant filed the transcript of the July 9, 1998 trial on June 15, 1999; filed the transcript of the January 25, 1999 sentencing hearing on June 9, 1999; and filed the transcript of the June 7, 1999 motions hearing on June 24, 1999.

## II.

### ANALYSIS

Rule 5A:8 provides that "[t]he transcript of any proceeding is part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of the final judgment." We have established a firm policy concerning the filing of transcripts: "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). In determining the date of entry of a final order, we note "[a] court speaks only through its orders,"

-

Cunningham v. Commonwealth, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964), and "orders speak as of the day they were entered," Vick v. Commonwealth, 201 Va. 474, 476, 111 S.E.2d 824, 826 (1960). We "'presume that the order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired.'" Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (citation omitted).

Here, the March 15, 1999 sentencing order constituted a "final judgment" unless, within twenty-one days of entry, the court entered an order vacating or suspending the sentencing order. See D'Alessandro v. Commonwealth, 15 Va. App. 163, 167, 423 S.E.2d 199, 201 (1992); Rule 1:1. The March 15 order was not entered nunc pro tunc to January 25, the date of the court's ruling from the bench. Therefore, to the extent that the court's February 24 order suspending execution of the sentence had any effect, it was effectively countermanded by the March 15 order. Moreover, despite its apparent intention to keep the matter within its jurisdiction, the trial court did not thereafter, within twenty-one days, enter an order suspending or vacating the order of March 15, 1999. Therefore, the March 15, 1999 order constituted a final judgment, and the transcripts from the trial and sentencing hearing, which were filed more than sixty days after entry of final judgment, were not properly made part of the record.

-

The trial transcript is indispensable to addressing appellant's arguments that the prosecutor's references during voir dire and rebuttal argument to facts not in evidence constituted reversible error and that the evidence was insufficient as a matter of law to sustain his convictions. "If we determine that the transcript is indispensable and is not a part of the record before us for review, we must dismiss the appeal on the ground that the record on appeal is insufficient to fairly and accurately determine the issues presented." Turner, 2 Va. App. at 99, 341 S.E.2d at 402. Accordingly, we dismiss the appeal as to these issues.

Appellant claims the order of March 15, 1999 was not a valid final order because he received no notice of its entry. He fails, however, to cite any rule or case law entitling him to such notice. Rule 1:13, applicable to both civil and criminal proceedings, requires service of orders and decrees on all counsel who have not endorsed them. However, "the mere fact that an order may have been entered without endorsement of [or direct notice to] counsel of record does not automatically render it void." Davis v. Mullins, 251 Va. 141, 147, 466 S.E.2d 90, 94 (1996). Rule 1:13 specifically provides that compliance with the rule "may be modified or dispensed with by the court in its discretion." The Supreme Court has explained that, under Rule 1:13, applied "daily in civil and criminal cases,"

-

> [n]otice or endorsement is unnecessary [where] counsel are present in court when the ruling is made orally and are fully aware of the court's decision; preparation and entry of an order in standard form is all that remains to be done to end the case in the trial court. Indeed, prompt disposition of the business of the trial courts would be jeopardized if Rule 1:13 were interpreted to require notice or endorsement under these circumstances; <u>counsel of record have the duty and responsibility to examine the public record and to determine the date of entry of such orders</u>.

<u>Smith v. Stanaway</u>, 242 Va. 286, 289, 410 S.E.2d 610, 612 (1991) (emphasis added); <u>see</u> <u>id.</u> (distinguishing prior cases construing Rule 1:13 or its predecessor, in which court took action which could not have been anticipated by counsel without providing notice of same); <u>see</u> <u>also</u> <u>Mullins</u>, 251 Va. at 147-48, 466 S.E.2d at 93 (unanimously applying <u>Stanaway</u>).

In appellant's case, at the completion of the January 25, 1999 sentencing hearing, preparation of the order memorializing that hearing was all that remained to be done until appellant filed first a notice of appeal and then a motion to modify his sentence. When appellant's counsel filed the notice of appeal, he merely assumed without checking the trial court's record that the court had already entered the final order memorializing its January 25, 1999 bench ruling. In fact, the court had not yet entered that order and did not do so until March 15, 1999. Under the rationale of <u>Stanaway</u>, appellant's counsel had a duty to determine the date of entry of that order because he was

-

present for the court's oral ruling and at the time of the hearing, entry of the order was all that remained to be done. Because the issue involves jurisdiction, which cannot be conferred by agreement, the mere fact that the parties and the court proceeded as if the court had jurisdiction more than twenty-one days after March 15, 1999 did not act to confer jurisdiction on the court.  See Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755 (1990) (parties cannot confer subject matter jurisdiction on court by agreement or waiver). In the absence of the actual vacation of the March 15, 1999 order, the court lost jurisdiction, and the period for filing of transcripts ran from March 15, 1999.  See Mullins, 251 Va. at 150, 466 S.E.2d at 95 ("While the delay in recording [the 1982] order and the subsequent proceeding before the trial court in 1983 may suggest that the parties and the court treated the 1982 order as having been vacated, nothing in the record suggests that an order doing so was in fact entered.  Accordingly, the 1983 order was a nullity . . . .").

We also dismiss appellant's claim that the trial court erred in denying his new trial motion.  The trial court had no jurisdiction to consider the motion.  Upon entering the March 15, 1999 sentencing order, the trial court retained jurisdiction for a period of twenty-one days, during which time the court could grant appellant a new trial or enter an order suspending final judgment.  The trial court took no action until

-

July 9, 1999, when it entered an order denying the motion for a new trial.

"In order to toll the time limitation[] of Rule 1:1 . . . it is not sufficient for the trial judge merely to express a desire to consider the action or take the issue under advisement; rather, the trial judge must issue an order modifying, vacating or suspending the sentence within twenty-one days of the entry of sentence." D'Alessandro, 15 Va. App. at 167, 423 S.E.2d at 201.

Because more than twenty-one days passed without the court's entering an order suspending final judgment, the trial court lost jurisdiction to hear the motion for a new trial, and the July 9 and July 14, 1999 orders were void. See Rule 1:1.

For these reasons, we dismiss the appeals, thereby allowing appellant's convictions to stand.

Record No. 0220-99-2

Dismissed.

Record No. 1341-99-2

Dismissed.

-