COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Russell and AtLee
Argued by videoconference

JENNIFER A. WELLOCK

v.      Record No. 2064-19-4

DEPARTMENT OF HISTORIC RESOURCES

MEMORANDUM OPINION[*] BY
JUDGE RICHARD Y. ATLEE, JR.
OCTOBER 6, 2020

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James E. Plowman, Jr., Judge

Jennifer A. Wellock, *pro se*.

Allison A. Kotula, Assistant Attorney General (Mark R. Herring,
Attorney General; Donald D. Anderson, Deputy Attorney General;
Katheryn E. Surface Burks, Senior Assistant Attorney
General/Section Chief, on brief), for appellee.

Jennifer A. Wellock appeals an order of the circuit court affirming the Department of

Historic Resources' ("DHR") denial of her application for an historic tax credit certification.

Wellock claims the circuit court erred by deciding "a question not at issue in the case—whether

there was 'substantial evidence in the agency record to support the agency decision'—and

entirely failed to address the basis" of her appeal.[1]  She contends that DHR's action was arbitrary

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wellock's assignment of error claims that the circuit court erred because it considered a
question that was *not* at issue (whether there was substantial evidence to support the agency
decision) and that it "entirely failed to address the basis" of her appeal (whether DHR complied
with the applicable statutes and regulations).  Her position during oral argument, however, was
that the substantial evidence issue *was* before the circuit court because she had challenged
whether DHR erred in denying the application.  She argued that the circuit court erred in
addressing *only* the substantial evidence issue and not her other argument, which she intended to
be the primary basis for appeal.

and *ultra vires* and failed to follow the criteria set forth in Code § 58.1-339.2 and by regulation. For the following reasons, we affirm the circuit court's decision.

## I. BACKGROUND

Wellock purchased a property in Loudoun County, Virginia, and she applied for a Virginia Department of Historic Rehabilitation tax credit, which is available to private homeowners who rehabilitate a property in compliance with the Standards for Rehabilitation in 17 VAC 10-30-60. The tax credit application is a three-part process. Wellock successfully completed part one of that process.

DHR recommends that applicants complete the second part of the application before beginning work on the property. In July 2018, Wellock submitted part two of her application after she had already completed a large portion of the work on her property. In August 2018, DHR issued an initial hold letter concerning several failures of Wellock to comply with the standards. Specifically, DHR noted the material used to replace the roof and the addition of a bathroom that altered the layout of the foyer. DHR met with Wellock on August 27, 2018, to discuss the issues with the project. Ultimately, DHR denied the application and issued a letter explaining how the project failed to comply with the standards.

Wellock appealed the decision to the Director of DHR. After meeting with Wellock, the Director upheld the denial of the application because the changes to the roof material and floor plan did not meet the rehabilitation standards.

Wellock appealed the decision to the circuit court. After a hearing on the issue, the circuit court affirmed DHR's decision and concluded that "for the reasons stated in [c]ourt . . . there is substantial evidence in the agency record to support the agency decision." Wellock now appeals to this Court.

- 2 -

II. ANALYSIS

On appeal of an agency decision under the Virginia Administrative Process Act, the party complaining of agency action "bears the 'burden of demonstrat[ing] an error . . . subject to review.'" Virginia Bd. of Medicine v. Hagmann, 67 Va. App. 488, 499 (2017) (alterations in original) (quoting Code § 2.2-4027). Wellock argues that the circuit court erred by addressing an issue not raised in her petition for appeal and failing to address the issue she raised—whether DHR failed to properly follow the criteria set forth by statute and regulation.

Wellock, however, did not meet her burden to demonstrate an error because she failed to file a necessary transcript.[2] Rule 5A:8 requires a party to file a timely transcript or written statement of facts with this Court on appeal. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." Bay v. Commonwealth, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting Turner v. Commonwealth, 2 Va. App. 96, 99 (1986)).

Wellock did not file a transcript from the circuit court proceedings or a written statement of facts in lieu of a transcript. We have reviewed the record and the filings in this Court, and we conclude that a transcript or written statement of facts is indispensable to resolving the assignment of error on appeal. See Smith v. Commonwealth, 32 Va. App. 766, 772 (2000). Wellock claims that the circuit court did not address the issue raised by her appeal, but without the transcript or a written statement of facts, we are unable to determine whether the circuit court

---

[2] Although we do not reach the merits of the appeal, we do note that Wellock conceded during oral argument before this Court that the changes in the roof material and the layout of the home did violate two of the standards of rehabilitation.

addressed the issue during the hearing.  Nor are we able to review what, if any, evidence or argument she presented to the circuit court.  Furthermore, the circuit court's order states that the circuit court ruled for "the reasons stated in [c]ourt," and we are unable to review those reasons without the transcript or a written statement of facts.  Because Wellock failed to provide a transcript necessary to resolve her assignment of error, we shall not consider it.  Rule 5A:8(b)(4)(ii).

### III.  CONCLUSION

For the foregoing reasons, we affirm the ruling of the circuit court.

<u>Affirmed.</u>