COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Annunziata, Frank and Petty

ROBBIE OREN ALLEN

MEMORANDUM OPINION*

v.      Record No. 0746-21-3       PER CURIAM
                                   JUNE 14, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LEE COUNTY
Tammy S. McElyea, Judge

(Melanie B. Salyer, The Salyer Law Firm, PLLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant
Attorney General, on brief), for appellee.

Counsel for appellant has moved for leave to withdraw. The motion to withdraw is

accompanied by a brief referring to the part of the record that might arguably support this appeal. A

copy of this brief has been furnished to appellant with sufficient time for appellant to raise any

matter that appellant chooses. Appellant has filed *pro se* supplemental pleadings.

After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). Appellant failed to timely file the transcripts or statement of facts in lieu of a

transcript necessary to the appeal pursuant to Rule 5A:8. As a result, we cannot reach his

assignments of error. Consequently, we affirm the convictions.

The trial court convicted appellant of breaking and entering during the daytime with the

intent to commit assault and battery, destruction of property of less than one-thousand dollars,

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

assault and battery, attempt to destroy wireless telephone with the intent to prevent help, and three probation violations after he plead no contest. Appellant contends that his pleas were not knowing, voluntary, and intelligent.[1] At the time he entered his *nolo contendere* pleas, he understood there was a plea agreement negotiated with the Commonwealth. He states that he believed a plea agreement would be presented to the court at his sentencing hearing, at which time he would begin serving the agreed-upon sentence. He alleges, however, that a plea agreement was never referenced nor presented to the trial court. Additionally, appellant asserts that during the standard plea colloquy with the trial court, he affirmed he had questions for the court, but the court never acknowledged his questions. He argues that this failure causes his pleas to be unknowing, involuntary, and unintelligently made.

The record on appeal does not contain timely-filed transcripts of appellant's *nolo contendere* plea hearing and two sentencing hearings.[2] The trial court convicted appellant by final order entered on June 22, 2021. Under Rule 5A:8(a), a transcript must be filed no later than "60 days after entry of the final judgment," which was August 23, 2021.[3] *See* Code § 1-210(B). Appellant filed the transcripts with the circuit court on September 10, 2021.

After reviewing the record, the opening brief, and appellant's *pro se* supplemental brief we conclude that timely-filed transcripts, or a written statement of facts in lieu of a transcript, are indispensable to a determination of the challenge to the voluntariness of his pleas. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100

---

[1] Appellant has filed three *pro se* supplemental briefs. Each made the same arguments. Consequently, we will cite to the first supplemental brief filed with this Court on January 31, 2022.

[2] Appellant failed to appear for the March 18, 2021 sentencing hearing. Sentencing was rescheduled to May 25, 2021.

[3] August 21, 2021, was a Saturday and August 22, 2021, was a Sunday.

(1986).  Appellant failed to ensure that the record contains a timely-filed transcript, or written statement of facts in lieu of a transcript, necessary to permit us to resolve the assignments of error.  Rule 5A:8(b)(4)(ii).  Therefore, we cannot address the merits of his assignments of error. *Id.*  Consequently, we affirm the convictions.

Accordingly, we deny counsel's motion for leave to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  This Court's records reflect that Melanie B. Salyer, Esquire is counsel of record in this matter.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*