COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Fulton, Ortiz and Raphael

DARYL WAYNE HOGG

v.      Record No. 0716-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE DANIEL E. ORTIZ
JUNE 14, 2022

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Michael A. Gaten, Judge

(Jeffrey R. Ambrose; Law Office of Jeffrey R. Ambrose, P.L.L.C.,
on brief), for appellant.

(Jason S. Miyares, Attorney General; Jason D. Reed, Assistant
Attorney General, on brief), for appellee.


The Circuit Court of the City of Hampton convicted Daryl Wayne Hogg of failure to appear

and sentenced Hogg to twelve months' imprisonment, with eleven months suspended. On appeal,

Hogg argues that the trial court erred in finding that the evidence was sufficient to prove he

"willfully" failed to appear at his court date. After examining the briefs and record, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a). Because Hogg did not comply with Rule 5A:8 and a

transcript or written statement of facts is indispensable to resolving his appeal, we affirm the trial

court's decision.

                                    BACKGROUND

On July 1, 2019, Hogg was indicted on charges of aiding prostitution, using a vehicle to aid

prostitution, possessing cocaine, possessing fentanyl, possessing heroin, and failing to appear on a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

felony charge in the City of Hampton General District Court on February 11, 2019. Hogg was charged with failing to appear under Code § 19.2-128 after he signed a recognizance assuring his appearance on a simple possession charge and then failed to appear at the relevant hearing.

The trial court set the matter for June 11, 2021. Hogg pleaded not guilty to all charges. Following a bench trial, the trial court granted Hogg's motion to strike and acquitted Hogg on the charges of aiding prostitution, using a vehicle to aid prostitution, possessing cocaine, and possessing fentanyl. After Hogg presented evidence, the trial court found Hogg not guilty of possessing heroin. However, the trial court convicted Hogg of failing to appear. Hogg timely noted his appeal.

## ANALYSIS

Hogg argues that the trial court erred in finding that the evidence was sufficient to find that he willfully failed to appear.

Rule 5A:8 requires a party to timely file a transcript or written statement of facts in lieu of a transcript. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29.

Here, the trial court entered the final order on June 11, 2021, requiring Hogg to file the trial transcript by August 10, 2021. *See* Rule 5A:8(a) (stating that, absent an extension, a transcript must be filed "no later than 60 days after entry of the final judgment"). But Hogg did not file the

transcript until September 17, 2021. Thus, Hogg did not timely file a transcript or written statement of facts in lieu of a transcript. *See* Rule 5A:8(a) and (c).

Since the record does not include a timely-filed transcript or written statement of facts, we must consider whether they are indispensable to a determination of the assignment of error raised on appeal. *See Bay*, 60 Va. App. at 528-29; *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529. Because Hogg raises a sufficiency of the evidence argument, we conclude that a transcript or written statement of facts of the trial resulting in his conviction is indispensable to resolving his assignment of error. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). Because Hogg failed to provide a timely-filed transcript or written statement of facts necessary to resolve his assignment of error, we will not consider it. Rule 5A:8(b)(4)(ii).

## CONCLUSION

For these reasons, the trial court's judgment is affirmed.

*Affirmed*.