COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Ortiz and Lorish

DEMETRIUS HAYWOOD GRIMSTEAD

v.     Record No. 1106-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE DANIEL E. ORTIZ
AUGUST 2, 2022

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

(Daymen Robinson, on brief), for appellant.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.


The Circuit Court of the City of Norfolk convicted Demetrius Grimstead of grand larceny

and conspiracy to commit grand larceny and sentenced Grimstead to four years' active

imprisonment. On appeal, he challenges the sufficiency of the evidence to sustain his convictions.

After examining the briefs and record, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Because Grimstead did not comply with Rule 5A:8 and a transcript or written statement of facts

is indispensable to resolving his appeal, we affirm the trial court's decision.

BACKGROUND

Grimstead was indicted on one count of grand larceny and one count of conspiracy to

commit grand larceny for his alleged role in stealing from a jewelry store. Grimstead pleaded not

guilty to each charge. Following a bench trial, the trial court found Grimstead guilty on both

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

charges. The trial court entered its final sentencing order, imposing four years' active incarceration, on August 23, 2021.

Grimstead's trial counsel filed a transcript order form listing the trial date as "April 21, 2020" rather than "April 21, 2021." In November 2021, the trial court transmitted the record to this Court without the trial transcript. It was not until January 3, 2022, that the trial court transmitted the trial transcript to this Court. Also on this day, Grimstead filed a motion for an extension of time to file the trial transcript, suggesting that the erroneous trial date on the order form was the reason for the delay. However, this Court denied the motion because it was untimely.

ANALYSIS

This Court cannot determine Grimstead's sufficiency of the evidence assignment of error without a timely-filed trial transcript.[1]

Rule 5A:8 requires a party to timely file a transcript or written statement of facts in lieu of a transcript. *See* Rule 5A:8(a) and (c) (stating a transcript or written statements of facts is only part of the record when it is *timely* filed). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29.

---

[1] However, Code § 19.2-321.1 outlines the circumstances under which Grimstead may pursue a delayed appeal.

Here, the trial court entered the final order on August 23, 2021, requiring Grimstead to file the trial transcript by October 22, 2021. *See* Rule 5A:8(a) (stating that, absent an extension, a transcript must be filed "no later than 60 days after entry of the final judgment"). Grimstead did not file the transcript until January 3, 2022. Although Grimstead filed a motion for an extension of time to file the trial transcript on this same day, this Court denied the motion because it was untimely. *See* Rule 5A:8(a) (requiring a party to file a motion for extension "within 90 days after the entry of final judgment"). Thus, Grimstead did not timely file a transcript or written statement of facts in lieu of a transcript. *See* Rule 5A:8(a) and (c).

Since the record does not include a timely-filed transcript or written statement of facts, we must consider whether one is indispensable to a determination of the assignment of error raised on appeal. *See Bay*, 60 Va. App. at 528-29; *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529. Because Grimstead raises a sufficiency of the evidence argument, we conclude that a transcript or written statement of facts of the trial resulting in his convictions is indispensable to resolving his assignment of error. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). Therefore, because Grimstead failed to provide a timely-filed transcript or written statement of facts necessary to resolve his assignment of error, we will not consider it. Rule 5A:8(b)(4)(ii).

*Affirmed*.