COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Friedman and Callins

HERBERT J. MORRIS

v.       Record No. 0261-22-2

MARC ELIAS

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 9, 2022

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
W. Reilly Marchant, Judge

(Herbert J. Morris, on briefs), *pro se*.  Appellant submitting on
briefs.

(Charles T. Kimmett; Hilary P. Gerzhoy; Harris, Wiltshire & Grannis
LLP, on brief), for appellee.  Appellee submitting on brief.


Herbert J. Morris appeals from a January 31, 2022 order sustaining a demurrer and

dismissing his complaint alleging unlawful retaliation against an employee.  On appeal, Morris

argues that the trial court improperly dismissed his complaint on First Amendment grounds,

failed to apply the proper statute, and failed to determine whether Marc Elias was his employer.

For the following reasons, we affirm the judgment of the trial court.

BACKGROUND[1]

In reviewing a trial court's judgment sustaining a demurrer, we "accept as true all factual

allegations expressly pleaded in the complaint and interpret those allegations in the light most

favorable to the plaintiff."  *Seymour v. Roanoke Cnty. Bd. of Supervisors*, ___ Va. ___ , ___

(June 9, 2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)).

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We dispense with oral argument in this case because the parties agreed that "oral argument
is not necessary."  Code § 17.1-403(ii).

"Furthermore, we draw any reasonable inferences arising from the express factual allegations of the complaint in the plaintiff's favor." *Id.* at ___ .

Morris filed a complaint on October 26, 2021, alleging unlawful retaliation against an employee.[2] According to the complaint, Morris began working as a field organizer for the Democratic Party of Virginia/Virginia Turnout Project on August 16, 2021. On August 24, 2021, Sam Shaver, Morris's supervisor, told Morris a voicemail he left was "a rant" and he "sounded panicked" and "unprofessional." The next day, Morris told Shaver that he had a "mental health condition" and asked for a day off work because of "anxiety." Morris averred that Shaver accused him of "yelling" at Shaver and other employees and that Eli Seo, the district organizing director, told Morris to take a paid day off on August 26, 2021. Morris alleged that he was fired the next day, eleven days into a fourteen-day "probationary period."

Morris's complaint alleged that he used Twitter to complain about his termination and contact Andrew Whitley, the executive director of the Democratic Party of Virginia. When Whitley "blocked" Morris, Morris created a new Twitter account, but Whitley "blocked" that account also. Morris emailed partners at Elias Law, which represented the Democratic Party of Virginia in various matters, about being "blocked" by Whitley. Morris averred that he also used Twitter to contact Marc Elias, a partner at Elias Law, and to make public complaints about Elias Law protecting the Democratic Party of Virginia from being liable for illegal discrimination. Elias "blocked" Morris's Twitter account. Seo "blocked" Morris after Morris referred to Seo's Instagram account in a post on the Virginia Democratic Party Instagram account.

The defendants other than Elias demurred and moved to dismiss Morris's complaint. Morris moved to amend and filed an amended complaint on November 17, 2021. Morris alleged retaliation

___

[2] In addition to Elias, Morris's complaint named as defendants the Democratic Party of Virginia/Virginia Turnout Project, Andrew Whitley, and Susan Swecker.

under Code § 40.1-27.3 as his sole cause of action in the amended complaint and sought reinstatement to his position and compensatory and punitive damages. After Morris settled with all defendants other than Elias, the trial court dismissed his complaint as to those defendants.

Elias filed a demurrer and objection to venue on November 22, 2021. Morris filed a pair of motions in response. On January 27, 2022, the trial court held a hearing on the demurrer. After that hearing, the trial court entered an order that dismissed Morris's complaint with prejudice and without leave to amend "for reasons stated from the bench." Morris appeals.

ANALYSIS

Morris, *pro se*, presents three assignments of error on appeal. First, he contends that the trial court "erred by dismissing the entire case and based the dismissal on a cited first amendment court case when this case was not a first amendment case." He maintains that this was a "retaliation case" and the trial court "did not respond" to his request "for a Nexus Test" or "weigh" certain circumstances when dismissing his complaint. Second, Morris argues that the trial court erred by not applying Code § 40.1-27.3, asserting that he was fired because he "complained to a supervisor," which he maintains is legally "protected activity," and then, as a former employee, suffered retaliation. Finally, Morris contends that the trial court "did not determine" if Elias "was the employer, or an entity of the employer, or even define the definition of 'employer' under Virginia Code 40.1-2." We cannot consider any of Morris's arguments, however, because the record contains no timely-filed transcript or written statement of facts in lieu of transcript of the January 27, 2022 hearing on the demurrer.

"The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such

omission will not be considered." Rule 5A:8(b)(4)(ii). *See also Smith v. Commonwealth*, 32 Va. App. 766, 771 (2000) (holding that "[t]his Court has no authority to make exceptions to the filing requirements set out in the Rules" (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986))).

The trial court's January 31, 2022 order granted the demurrer and dismissed Morris's complaint "for reasons stated from the bench" during the January 27, 2022 hearing. Without a transcript of that hearing, the record does not contain the "reasons" given by the trial court for its ruling, and we are unable to determine whether the trial court erred. Specifically, we cannot determine whether the trial court held that Morris's complaint failed because of the First Amendment, because it "did not apply" Code § 40.1-27.3, or because it failed to consider whether Elias was an "employer" or "entity of the employer," as Morris alleges. The absence of a transcript renders impossible the ability to review the trial court's decision for error. Although navigating procedure may impose understandable and unique burdens for *pro se* litigants, a party "who represents himself is no less bound by the rules of procedure and substantive law than a [party] represented by counsel." *Townes v. Commonwealth*, 234 Va. 307, 319 (1987) (citation omitted). "Even *pro se* litigants must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999).

Accordingly, after reviewing the record and the briefs filed on appeal, we conclude that a timely-filed transcript or written statement of facts of the January 27, 2022 hearing is indispensable to resolve Morris's assignments of error. *See Smith*, 32 Va. App. at 772; *Turner*, 2 Va. App. at 99-100. Because Morris failed to ensure that the record contains the necessary transcript or written statement of facts, we cannot reach his assignments of error. *See* Rule 5A:8(b)(4)(ii).

- 4 -

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*