COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Fulton and White

ROBERT MAURICE BATES

                                         MEMORANDUM OPINION[*]

v.      Record No. 1384-21-1                       PER CURIAM
                                              JANUARY 24, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge

(Brittany R. Black; Stephen Givando, on brief), for appellant.

(Jason S. Miyares, Attorney General; Matthew J. Beyrau, Assistant
Attorney General, on brief), for appellee.

After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a).

Robert Maurice Bates entered conditional guilty pleas to possessing a controlled

substance, providing false identification to law enforcement, identity theft to avoid arrest, and

obstruction of justice. By final order entered on December 20, 2021, the Circuit Court of the City of

Chesapeake sentenced Bates to two years and eighteen months' incarceration with all but his time

served suspended.

Bates's sole assignment of error contends that the trial court erred in denying his pretrial

motion to suppress the evidence. Although Bates timely filed the transcripts of the evidentiary

portion of the suppression hearing and the combined plea and sentencing hearing, he did not file a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

transcript of the November 5, 2021 proceeding where the trial court announced its decision and explained its rationale for denying the suppression motion. We conclude that this missing transcript is indispensable to resolving the appeal; therefore, we affirm the trial court's judgment. *See* Rule 5A:8(a), (b)(4).

## BACKGROUND

On January 18, 2021, Chesapeake Police Officer Williams encountered Bates in the parking lot of a hotel in a high-crime, high-drug area of Chesapeake. Bates was one of three occupants of a parked Honda Civic; Officer Williams initiated a consensual encounter with the occupants after he ran the car's license plate and learned that none of the three occupants matched the description of the registered owner.

While Officer Williams spoke with the driver and front seat passenger of the car, Bates entered the hotel, where he claimed to be registered. After Bates left, Officer Williams noticed an odor of burnt marijuana coming from the car. In response to Officer Williams's questions, the other two occupants indicated that Bates may have smoked marijuana earlier that day. The car's driver also admitted that she had smoked marijuana earlier that day and that a marijuana smoking device was in the car.

Bates subsequently exited the hotel and returned to the car. When backup police units arrived, Officer Williams attempted to detain Bates, along with the car's other two occupants. Ignoring Officer Williams's order to stop, Bates tried to reenter the hotel; Officer Williams "wedge[d]" Bates against the door frame while Officer Macomber handcuffed him. During cross-examination, defense counsel played Officer Williams's body camera footage.

Bates subsequently identified himself to Officer Macomber as "Khahlil Howard." A computer search revealed "Khahlil Howard" to be one of Bates's aliases, and Officer Macomber discovered Bates's identity by matching Bates to his Department of Motor Vehicles photograph.

Upon identifying him, the officers discovered an active warrant for Bates's arrest; during a search incident to arrest upon the warrant, they seized eutylone, a Schedule I drug, from Bates's person.

Bates filed a pretrial motion to suppress physical evidence seized and statements he made during his arrest on January 18, 2021. The trial court heard evidence on the motion on August 17, 2021. At the conclusion of the hearing, the trial court took the matter under advisement and directed the parties to file supplemental briefs. In a memorandum of law, Bates contended that the trial court should suppress the narcotics and his statements because Officer Williams had neither probable cause nor reasonable suspicion to seize and search him. Alternatively, Bates asserted that the trial court should suppress the evidence under Code § 4.1-1302.[1] The Commonwealth responded that Officer Williams had reasonable suspicion to detain Bates and that the officers had probable cause to arrest and search him after he gave them a false name. Further, the Commonwealth asserted that, even if Code § 4.1-1302 applied retroactively, the officers did not detain Bates solely based on the odor of burnt marijuana.

At a hearing on November 5, 2021, the trial court denied the motion to suppress. By order entered on November 16, 2021, the trial court stated that it denied the motion "on all grounds, for the reasons stated on the record" on November 5, 2021. Bates subsequently entered conditional guilty pleas preserving his right to appeal the trial court's November 5, 2021 ruling on the motion to suppress. This appeal followed.

---

[1] As pertinent here, Code § 4.1-1302(A) provides that "[n]o law-enforcement officer . . . may lawfully stop, search, or seize any person, place, or thing . . . solely on the basis of the odor of marijuana and no evidence discovered or obtained pursuant to a violation of this subsection . . . shall be admissible in any trial, hearing, or other proceeding." Effective on July 1, 2021, this provision does not apply retroactively to searches and seizures that occurred before that date. *See Street v. Commonwealth*, 75 Va. App. 298, 302 (2022).

ANALYSIS

Bates challenges the trial court's denial of his motion to suppress. Rule 5A:8 requires a party to file a timely transcript or written statement of facts in lieu of a transcript. *See* Rule 5A:8(a), (c) (stating that a transcript or written statement of facts is only part of the record when it is *timely* filed). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29.

The trial court's November 16, 2021 order denying Bates's motion to suppress stated that the court denied the motion for the reasons stated on the record at the November 5, 2021 hearing. Bates did not file a transcript or a written statement of facts in lieu of a transcript of this proceeding. Since the record does not include that transcript or a written statement of facts in lieu of a transcript, we must consider whether one is indispensable to a determination of the assignment of error raised on appeal. *See Bay*, 60 Va. App. at 528-29; *Anderson v. Commonwealth*, 13 Va. App. 506, 508 (1992). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529. We conclude that a transcript or written statement of facts of the proceeding in which the trial court stated its reasons for denying the suppression motion is indispensable to resolving the sole assignment of error challenging that

ruling.  *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000).  Accordingly, we do not

consider that assignment of error.  Rule 5A:8(b)(4)(ii).

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.[2]

*Affirmed.*

---

[2] We affirm the trial court's judgment without prejudice to Bates's right to seek a delayed appeal under Code § 19.2-321.1(A)(iv) or file a petition for a writ of habeas corpus in the appropriate court.