COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Fulton and Causey

JASON PATRICK PHILLIPS

MEMORANDUM OPINION*
v.      Record No. 1531-22-4                          PER CURIAM
                                                      JUNE 20, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Carroll A. Weimer, Judge

(Gary H. Smith, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Collin C. Crookenden,
Assistant Attorney General, on brief), for appellee.


A jury convicted Jason Patrick Phillips of driving under the influence (DUI). The trial court

sentenced him to 12 months' incarceration with 3 months suspended. On appeal, Phillips argues

that the trial court erred in finding his arrest was supported by probable cause at a pre-trial

suppression hearing. Phillips, however, did not ensure that the record contained a timely filed

transcript or a written statement of facts in lieu of a transcript of the trial court's proceeding. As a

result, we cannot reach his assignment of error. *See* Rule 5A:8. After examining the briefs and

record in this case, the panel unanimously agrees that because "the appeal is wholly without

merit," oral argument is unnecessary. Therefore, we dispose with oral argument in accordance

with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

--------

* This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

On January 31, 2022, the trial court denied Phillips's motion to suppress and then presided over his jury trial for DUI. On February 8, 2022, the trial court entered both a final sentencing order and an order denying Phillips's motion to suppress. Phillips did not note a timely appeal; however, this Court granted Phillips a delayed appeal on September 2, 2022. *See* Code § 19.2-321.1. This Court directed the trial court to appoint Phillips counsel to effectuate it. The order also specified that, "[a]ll computations of time as required by the Rules of Court and applicable statutes shall commence on the date of entry of the trial court's order appointing counsel."

On September 13, 2022, the trial court entered an order appointing Phillips appellate counsel. Accordingly, Phillips was required to file transcripts by November 14, 2022.[1] Rule 5A:8(a). The record reflects that the transcript of this proceeding was not filed with the trial court until December 27, 2022. This Court may extend the deadline "upon a written motion filed within 90 days after the entry of final judgment" provided the appellant shows "good cause to excuse the delay." Rule 5A:8(a). Phillips did not move for such an extension, and the time to do so has now expired.

ANALYSIS

Phillips asserts on appeal that the trial court erred when it found that Phillips's arrest was supported by probable cause. Phillips, however, failed to timely file a transcript that would allow us to resolve his assignment of error.

An appellant bears the burden of supplying this Court with an adequate record to evaluate his claim. If "the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such

---

[1] November 12, 2022, was a Saturday and therefore the filing deadline was moved to the next business day. *See* Code § 1-210(B).

omission will not be considered." Rule 5A:8(b)(4)(ii). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)); *accord Bay v. Commonwealth*, 60 Va. App. 520, 528-29 (2012).

The trial court's order reflects that it denied Phillips's motion to suppress for "reasons as stated on the record." The record before this Court, however, does not contain any of the court's factual findings underpinning its ruling. Phillips did not file a written statement of facts to supplement the record. *See* Rule 5A:8(c). Accordingly, we must consider whether a transcript is indispensable to resolve the assignment of error on appeal. *See Bay*, 60 Va. App. at 528-29; *Anderson v. Commonwealth*, 13 Va. App. 506, 508 (1992). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

After reviewing the record and briefs, we conclude that the missing transcript is indispensable to address Phillips's argument. Without a transcript or a written statement of facts, we cannot discern the basis of the trial court's ruling on probable cause because the factual findings made by the trial court frame our review of such rulings and the record contains no other evidence upon which we can rely. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). Although the Court reviews de novo "the ultimate question[]" of probable cause, "we 'review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Long v. Commonwealth*, 72 Va. App. 700, 712 (2021) (second alteration in original) (footnote omitted) (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

Phillips failed to ensure that the record contains the material necessary to permit the Court to resolve the assignment of error he presents on appeal.[2] Thus, we may not consider it. *See* Rule 5A:8(b)(4)(ii).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*

---

[2] Code § 19.2-321.1 permits a motion for delayed appeal in some criminal cases, including where a "conviction has been affirmed for failure to file or timely file the indispensable transcript or written statement of facts as required by law or by the Rules of the Supreme Court."