COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Chaney and Senior Judge Annunziata

RACHEL LEANOR HANDY

                                                    MEMORANDUM OPINION[*]

v.        Record No. 0230-23-3                      PER CURIAM
                                                  AUGUST 22, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

(Gregory T. Casker, on brief), for appellant.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.

Following a jury trial, the Circuit Court of the City of Martinsville convicted Rachel Leanor

Handy on one count of robbery, one count of conspiracy to commit robbery, one count of armed

burglary, one count of conspiracy to commit armed burglary, two counts of using a firearm in the

commission of a felony, and two counts of conspiracy to use a firearm in the commission of a

felony, in violation of Code §§ 18.2-22, 18.2-58, 18.2-90, and 18.2-53.1, respectively. Handy

asserts that the evidence was insufficient to support her convictions. After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Handy failed to timely

file a transcript or statement of facts in lieu of a transcript necessary to the appeal pursuant to

Rule 5A:8. As a result, we cannot reach her assignments of error and we affirm her convictions.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

A grand jury for the city of Martinsville returned a true bill on each of eight indictments alleging robbery, conspiracy to commit robbery, armed burglary, conspiracy to commit armed burglary, use of a firearm in the commission of robbery, use of a firearm in the commission of armed burglary and conspiracy to use a firearm in the commission of both robbery and armed burglary, in violation of Code §§ 18.2-22, 18.2-58, 18.2-90, and 18.2-53.1, respectively. A jury later returned a guilty verdict on each indictment. By final sentencing order entered October 26, 2022, the trial court sentenced Handy to 126 years in prison, with 120 years suspended. Handy timely filed a notice of appeal on October 20, 2022.[1] For reasons not contained within the record, the transcripts were not filed in the trial court until January 3 and 11, 2023, more than 60 days after the entry of the final sentencing order. The trial court transmitted the record, including the transcripts, to this Court on February 8, 2023. No motion seeking an extension of time in which to file the transcripts was filed.

ANALYSIS

Handy asserts on appeal that the evidence was insufficient to support her convictions. She argues that there was no evidence she was present at the scene of the crime or that she conspired with her alleged accomplice to commit the offenses. However, because the transcripts were not timely filed, we cannot review them to assess the merits of Handy's arguments and, because we find that the transcripts are indispensable to our review, we must affirm the convictions.

Rule 5A:8 requires an appellant to timely file a transcript or written statement of facts in lieu of a transcript. *See* Rule 5A:8(a), (c) (stating that a transcript or written statement of facts is only part of the record when it is timely filed). "When the appellant fails to ensure that the record

---

[1] "A notice of appeal filed after the trial court announces a decision or ruling—but before the entry of such judgment or order—is treated as filed on the date of and after the entry." Rule 5A:6(a).

contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29.

In this case, the trial court entered the final sentencing order on October 26, 2022. The transcripts were therefore due no later than December 27, 2022. The record shows that the transcripts were not filed until January 3, 2023, and January 11, 2023. Thus, they were not timely filed, and Handy did not move for an extension of time in which to file the transcripts or a statement of facts in lieu of a transcript. *See* Rule 5A:3(c). It follows that, in accordance with Rule 5A:8, we cannot consider the trial transcripts or otherwise consult them to assess the alleged error in the trial court's judgment. That said, we must consider whether a transcript is indispensable to a determination of the assignments of error on appeal. *See Bay*, 60 Va. App. at 529; *Anderson v. Commonwealth*, 13 Va. App. 506, 508 (1992). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

Handy was charged with robbery, armed burglary, use of a firearm in the commission of robbery and armed burglary, and conspiracy. The evidence establishing that Handy committed those offenses was based almost entirely upon the testimony of the witnesses at trial. The remaining parts of the record do not contain any information or sworn testimony by which we can conclude that the trial court erred in finding the evidence sufficient to support Handy's convictions. Thus,

- 3 -

without a transcript or a written statement of facts, we cannot assess the merits of Handy's claim that the evidence was insufficient to prove her guilt, nor can we determine whether Handy preserved the issues for appeal. We conclude that a transcript or a written statement of facts in lieu of a transcript is indispensable to permit this Court to resolve the issues raised. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). Because the arguments raised by Handy are wholly contained within the untimely filed transcript and are indispensable to the determination of the issues she presents on appeal, we cannot reach them. Rule 5A:8(b)(4)(ii).

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*