COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Callins and Senior Judge Clements
Argued by videoconference


CHINICO DAVENPORT

MEMORANDUM OPINION* BY
v.      Record No. 0174-23-2          JUDGE RANDOLPH A. BEALES
JULY 2, 2024

CBR MOTORWERX, LLC


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Rondelle D. Herman, Judge

Chinico L. Davenport, *pro se*.

Trevor B. Reid (Stephen E. Scarce; William H. Parcell, III; Parker,
Pollard, Wilton & Peaden, P.C.; Parcell, Webb & Baruch, P.C., on
brief), for appellee.


Chinico Davenport, *pro se*, appeals the trial court's judgment dismissing his suit against

CBR Motorwerx, LLC, to recover for damages to personal property.  Davenport argues that the

trial court erred "by not allowing the Plaintiff [Davenport] to question the expert witness"; by

"not allowing the Plaintiff to submit supporting evidence"; by "failing to credit any of Plaintiff's

testimony"; "by asking the expert witness" a question about what he could testify to regarding

causation of "damage to the Plaintiff's vehicle"; and "by denying the Plaintiff the right to

proceed against both Chann Reid and CBR Motorwerx, LLC."

BACKGROUND

In February 2022, Davenport sued CBR Motorwerx ("CBR") and Chann Reid to recover

for damages inflicted to his car while it was in CBR's custody for repairs.  Davenport's

_____
* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

complaint then states, "Defendants also mounted tires that were not all season tires on plaintiff's vehicle; when plaintiff rejected the tires, defendants kept the tires and the money paid by the plaintiff for the tires." Davenport also alleged that CBR drove his car for 500 miles without his permission.

According to a September 19, 2022 order, the trial court held a hearing and "sua sponte, amended the heading of the Complaint to remove 'Chann Reid' individually." The record does not contain a transcript from this hearing, and the order does not indicate that either party objected to the trial court's decision to remove Chann Reid from the case.

A trial was held on December 16, 2022. The January 4, 2023 final order states, "After evidence was heard, exhibits presented, no objections made by the Plaintiff to any of the Court's rulings, and arguments were made by both Plaintiff and Defendant, by counsel, the Court dismissed the Civil Appeal in favor of the named Defendant." Davenport then filed a motion to reconsider, which the trial court denied on January 24, 2023, where he made the same arguments he now makes on appeal.

Davenport timely filed his notice of appeal, and then, on April 17, 2023, Davenport filed his written statement of facts in lieu of a transcript with the trial court. According to the trial court's May 8, 2023 order, CBR then filed its own written statement of facts in lieu of a transcript on May 4, 2023. In that same May 8, 2023 order, the trial court rejected Davenport's written statement of facts in lieu of a transcript, noting that the written statement of facts was not timely filed. The trial court's order then accepted CBR's written statement of facts in lieu of a transcript.

## ANALYSIS

The record does not contain a transcript or a timely filed written statement of facts in lieu of a transcript for either the pretrial hearing or for the trial itself. Rule 5A:8(c) states, "A written

- 2 -

statement of facts, testimony, and other incidents of the case becomes a part of the record when: (1) within 60 days after entry of judgment a copy of such statement is filed in the office of the clerk of the trial court." *See also Turner v. Commonwealth*, 2 Va. App. 96, 98 (1986) ("[U]nless the appellant has received an extension of time from the circuit court judge upon a showing of good cause, the transcript must be filed within 60 days of the final order of judgment in the case."). In addition, "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Smith v. Commonwealth*, 32 Va. App. 766, 771 (2000).

Davenport filed a written statement of facts in lieu of a transcript on April 17, 2023 – 103 days after the trial court entered the final order dismissing the complaint. Consequently, Davenport's written statement of facts in lieu of a transcript was untimely filed, the trial court did not grant Davenport an extension of time to file his statement of facts, and it, therefore, cannot be part of the record on appeal. Rule 5A:8(c). Furthermore, the trial court stated in its May 8, 2023 order that CBR's written statement of facts in lieu of a transcript was filed in the trial court clerk's office on May 4, 2023 – which is long after Rule 5A:8(c)'s 60-day deadline as well. The trial court never gave CBR an extension of time to file a statement of facts in lieu of a transcript, and the trial court never found that CBR had shown good cause to grant such a request if it had even been made at all. Therefore, CBR's written statement of facts in lieu of a transcript was also untimely filed, and the trial judge thus should not have signed it. Consequently, CBR's statement of facts also cannot be part of the record on appeal.

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b)(4)(ii). Without a timely filed transcript (or a written statement of facts in lieu of a transcript) of the trial or any prior hearing, this Court is unable to review Davenport's arguments because the record does not show what

evidence was put on at trial or what specific rulings the trial court made at trial – or the basis for those rulings. In addition, this Court cannot determine whether Davenport made a specific and contemporaneous objection to the trial court's decision to remove Chann Reid as a defendant. *See* Rule 5A:18. Therefore, a transcript or a written statement of facts in lieu of a transcript from the pretrial hearing and from the trial itself is simply indispensable for this Court to be able to address Davenport's arguments on appeal. Consequently, this Court must affirm the trial court with regard to Davenport's assignments of error. *See* Rule 5A:8(b)(4)(ii).

CBR asks this Court to sanction Davenport under Code § 8.01-271.1 and to order Davenport to pay CBR's attorney fees "incurred in connection with this appeal." CBR argues that Davenport did not file pleadings that were "well grounded in fact," as required by Code § 8.01-271.1(B), because Davenport allegedly "has repeatedly advanced arguments premised upon 'inaccuracies, misrepresentations and omissions.'"

This Court has recently emphasized that "sanctions should not be awarded lightly" under Code § 8.01-271.1. *Nestler v. Scarabelli*, 77 Va. App. 440, 460 (2023). Given the lack of a transcript or a timely filed written statement of facts in lieu of a transcript for the trial and the pretrial hearing, this Court does not know which facts Davenport allegedly misrepresented so we cannot determine which pleading, if any, filed by the *pro se* plaintiff/appellant Davenport is not "well grounded in fact." Code § 8.01-271.1(B). Therefore, this Court cannot sanction Davenport under Code § 8.01-271.1 because the record before us on appeal does not really show that Davenport actually violated that statute.

CONCLUSION

For all of these reasons, we do not disturb the judgment of the trial court, and we deny CBR's motion for sanctions against Davenport.

*Affirmed*.