COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Athey and Frucci

JORGE ADALBERT SANCHEZ TORRES, S/K/A
  JORGE ADALBERTO SANCHEZ TORRES

v.      Record No. 0697-25-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 31, 2026

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Tanya L. Perez Rodriguez; Law Office of Tania L. Perez Rodriguez,
on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares,[1] Attorney General; Allison M. Mentch, Assistant
Attorney General, on brief), for appellee.


Following a jury trial, the circuit court convicted Jorge Adalbert Sanchez Torres of

aggravated sexual battery. On appeal, he challenges the sufficiency of the evidence against him,

alleging that the witnesses were inherently incredible as a matter of law. He further challenges his

sentence. That said, Torres has failed to timely file a trial transcript in this case, and this Court has

previously denied his motion to deem the late-filed transcripts timely. These transcripts are

indispensable to evaluate the merits of each assignment of error, so we cannot consider them.

Accordingly, we find no error and affirm the circuit court.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);
Rule 5A:27(a). In addition, Torres has waived oral argument in this case.

BACKGROUND[3]

Torres was charged with "unlawfully and feloniously commit[ting] aggravated sexual battery by sexually abusing" a minor "who was less than 13 years of age." Following a jury trial, Torres was convicted of the charge. He then filed a motion to set aside the verdict, arguing that the evidence was insufficient because the Commonwealth's witnesses were incredible. The circuit court took up the motion before sentencing, and Torres argued that some of the facts testified to by the witnesses "didn't coincide with each other." The circuit court denied the motion.

During sentencing, the circuit court received impact statements from the victim and her parents. The sentencing guidelines ranged from one year and ten months to five years and one month of incarceration. The circuit court, departing upward from the guidelines "due to some aggravating factors" including the age of the child and "concerns for the Court about his risk to re-offend," sentenced Torres to 20 years with 10 years suspended. Torres appeals.

ANALYSIS

Torres challenges both the sufficiency of the evidence against him and his sentence. He has failed, however, to timely file a trial transcript or statement of facts in lieu of a transcript.

Rule 5A:8 requires an appellant to file a timely transcript or written statement of facts in lieu of a transcript. *See* Rule 5A:8(a) and (c) (stating that a transcript or written statements of facts is only part of the record when it is *timely* filed). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues,

---

[3] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29.

Here, the circuit court entered the final order on January 22, 2025. Under Rule 5A:8, the transcripts were due within 60 days of the entry of the final order, by March 24, 2025.[4] *See* Rule 5A:8. Torres did not file the transcript from his trial until July 21, 2025. Torres also failed to request an extension of time to file this transcript, instead moving to deem the late transcript as timely, a motion this Court has previously denied. Torres did not file a statement of facts in lieu of a transcript. *See* Rule 5A:8(c).

Because the record does not include a timely filed trial transcript or a written statement of facts in lieu of a transcript, we must consider whether one is indispensable to a determination of the assignment of error on appeal. *See Bay*, 60 Va. App. at 528-29; *Anderson v. Commonwealth*, 13 Va. App. 506, 508 (1992). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529.

Torres challenges the sufficiency of the evidence against him: without a trial transcript or statement of facts in lieu of a transcript, we cannot evaluate his arguments thereto. Further, because the circuit court's sentence was predicated on the severity of the facts alleged, we cannot consider whether it abused its discretion in sentencing him without a trial transcript. Thus, we conclude that a transcript or a written statement of facts in lieu of a transcript is indispensable to permit this Court

---

[4] March 23, 2025 fell on a Sunday. *See* Code § 1-210(B).

to resolve the issues raised on appeal.  *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000).

As Torres failed to provide a timely filed transcript or a written statement of facts in lieu of a

transcript necessary to resolve his assignments of error, we will not consider them.  Rule

5A:8(b)(4)(ii).

CONCLUSION

For these reasons, the circuit court's judgment is affirmed.

*Affirmed.*